■ TERRANCE W. SCHWAB et al., Appellants, v KEVIN A. DENTON et al., Respondents.—In an action, inter alia, to impose a constructive trust upon real property, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Hillery, J.), entered March 5, 1987, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint.

Ordered that the order is affirmed, with costs.

According to the amended complaint, the allegations of which are deemed to be true (Latham v Father Divine, 299 NY 22, 26, rearg denied 299 NY 599), the defendant Kevin Denton, an attorney, represents or has represented two estates through which a certain parcel of realty passed to three residual legatees, whom Kevin Denton also allegedly represented. In March 1984 the plaintiffs made an offer, communicated to Kevin Denton through a broker, to purchase the parcel for what the plaintiffs have characterized as an "opening bid" of $30,000. They were advised, however, that a contract of sale had already been executed. In June 1984 the plaintiffs allegedly communicated directly to Kevin Denton their continuing interest in the property, their "opening bid" of $30,000, and their request that they be apprised of the parcel's "availability". The contract with the original purchaser apparently fell through in October 1984 and in February 1985 the defendants, as tenants by the entirety, acquired

the parcel from the residual legatees for, the plaintiffs alleged, a purchase price of $30,000.

This action was premised on Kevin Denton's alleged failure to communicate to the "owners" the plaintiffs' $30,000 "opening bid". As against both defendants, the plaintiffs sought imposition of a constructive trust on the parcel, and conveyance of that parcel to themselves. As against Kevin Denton, they sought $50,000 in damages, although apparently only as an alternative to equitable relief. Other than alleging that the "defendants" have been unjustly enriched "under cover of the confidential relationship" between Kevin Denton and the executors of one of the estates, the plaintiffs made no allegation with respect to the defendant Lynne Denton. The Supreme Court properly dismissed the complaint.

As the plaintiffs noted before Supreme Court, a constructive trust is a " 'fraud-rectifying' " remedy (Matter of Wells, 36 AD2d 471, 474, affd 29 NY2d 931) generally available where, in the context of a confidential relationship, a promisee, in reliance on a promise, transfers something of value, thereby unjustly enriching the promisor (see, e.g., Sharp v Kosmalski, 40 NY2d 119, 121). While the applicability of the remedy is " 'limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them' " (Simonds v Simonds, 45 NY2d 233, 241), no constructive trust will be imposed "by one who has no interest in the property prior to obtaining a promise that such an interest will be given to him" (Matter of Wells, supra, at 474; Scivoletti v Marsala, 97 AD2d 401, 402, affd 61 NY2d 806; see also, Stephan v Shulman, 130 AD2d 484).

The amended complaint fails to disclose a confidential relationship between the parties or any promise on the part of the defendants or anyone connected with the parcel. Moreover, the plaintiffs possessed no legally cognizable interest in the parcel with which they could have parted. The conduct on the part of Kevin Denton of which the plaintiffs complained, if it occurred, could constitute a breach of duty owed to a client (cf., Code of Professional Responsibility Canons 5, 7). The plaintiffs are, however, strangers to the attorney-client relationship on which this action is premised. The mere hope that their offer or any increased offer they might have been willing to make would have been accepted by the legatees is insufficient to warrant either equitable relief or an award of damages in their favor. Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.