■ VINCENT HOWELL, as Executor of CLYDE W. HOWELL, Deceased, Appellant, v EUGENE V. BROZZETTI et al., Respondents. [667 NYS2d 831] —Carpinello, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered February 9, 1996 in Broome County, upon a decision of the court in favor of defendants.

This case involves a claim of breach of contract for the sale of real property in the Town of Chenango, Broome County. The parties entered into the contract as a result of a public auction. Plaintiff, as vendor, seeks specific performance of the contract and defendants, as vendees, seek to rescind it on the ground that plaintiff is incapable of conveying marketable title because the property lacks legal access. Following a nonjury trial, Supreme Court, finding the property to be without legal access to any public road, rescinded the contract and ordered plaintiff to return the $10,000 down payment. Plaintiff appeals.

A decision in this matter was previously withheld and the appeal stayed due to the filing of a chapter 13 bankruptcy petition by plaintiff (240 AD2d 794). Bankruptcy Court having since lifted the automatic stay (*see, In Re Estate of Howell*, US Bankruptcy Ct, ND NY, June 17, 1997, Gerling, J.), the matter is again before us for a determination. Assuming, without deciding, that the instant appeal is not rendered moot by an October 20, 1997 order of County Court (Mathews, J.) granting Broome County judgment against plaintiff in an in rem proceeding for nonpayment of taxes on the subject property, we affirm Supreme Court's judgment.

The property at issue was affected by a State appropriation over 30 years ago leaving the subject premises *without* a right of access (*cf., Van Valkenburgh v State of New York*, 131 AD2d 903). Significantly, its owners at that time, Clyde Howell and

Vera Howell, were awarded $47,700 in damages for this appropriation (see, Howell v State of New York, Court of Claims, Mar. 18, 1969, Heller, J.).* The award was contingent upon the State providing "suitable access" by means of a service road to an abutting parcel of property to the north which had also been appropriated. The service road, now known as Howell Drive, is owned by the State and maintained by the Town of Chenango. While the State has permitted limited access to the subject property via Howell Drive through an informal arrangement, the road has never been designated as a public road.

In the absence of a stipulation to the contrary, there is a presumption that marketable title will be conveyed (see, Voorheesville Rod & Gun Club v Tompkins Co., 82 NY2d 564, 571). Moreover, in order for a vendor to be entitled to specific performance of a real estate contract, that vendor "must be able to tender a marketable title" (Dyker Meadow Land & Improvement Co. v Cook, 159 NY 6, 15; see, Voorheesville Rod & Gun Club v Tompkins Co., supra). The lack of legal access onto a parcel of property renders title thereto unmarketable (see, Pollak v State of New York, 41 NY2d 909; Barasky v Huttner, 210 AD2d 367). Upon our review of the record, Supreme Court properly determined that the subject property, which is landlocked (accessible only by limited State permission), does not contain any legal right of access and, therefore, title to it was unmarketable. Accordingly, plaintiff was not entitled to specific performance and the contract was properly rescinded.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* In making this award, the Court of Claims determined that the appropriation changed the highest and best use of the property from commercial to residential.