■ ANDREW DAFNOS et al., Appellants, v WILLIAM HAYES et al., Respondents. [694 NYS2d 42] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered December 26, 1997, dismissing plaintiffs' complaint, and bringing up for review an order, same court and Justice, entered on or about December 12, 1997, which granted defendants' motion for summary judgment, unanimously affirmed, without costs.

This action arises out of a letter agreement between plaintiffs Andrew and Androniki Dafnos (Dafnos) and William Hayes and Bill Hayes Design & Build Ltd. (Hayes), in which Hayes was hired to draft architectural plans for a home Dafnos wished to have built in Water Mill, New York. It was contemplated by both parties that Hayes would also build the house. Pursuant to the letter agreement, Hayes requested $30,000 from Dafnos "in order to have a Professional Architect or Engineer prepare certified plans for your new home", which would be delivered to Dafnos upon completion, along with a construction contract and payment schedule. While in the agreement, Hayes reserved "all right, title and interest" in the plans regardless of whether the project was commenced, it was further provided that the plans "shall not be made available to or used by any person or entity, except in furtherance of this project, without prior written consent of Bill Hayes Design & Build Ltd." The agreement further provided that the $30,000 "shall be credited against

the contract price for construction but cannot be refunded." Dafnos signed the letter agreement.

Hayes forwarded the completed plans and a proposed construction contract to Dafnos, but the latter objected to several provisions in the contract. Dafnos attempted to negotiate the terms of the contract, but the parties could not reach an agreement. Thereafter, Dafnos's counsel wrote to Hayes requesting that he return the $30,000 "less any fully documented expenses incurred by [Hayes]." Hayes refused, and Dafnos commenced the instant action for return of the money, asserting causes of action for money had and received, conversion and unjust enrichment. The IAS Court granted Hayes's motion for summary judgment finding that the agreement unambiguously stated that the money "cannot be refunded", notwithstanding that a construction contract was never executed. The court further determined that Hayes's delivery of the plans, which under the agreement could be used by Dafnos without Hayes's consent "in furtherance of this project", was valid consideration for Dafnos's payment.

Hayes's motion for summary judgment was properly granted. "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms." (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162.) Here, the terms of the letter agreement are unambiguous. They require Dafnos to make a $30,000 advance payment to Hayes in exchange for Hayes's completion and delivery of certified architectural plans for Dafnos's new home. The agreement explicitly states that the $30,000 will be credited to the construct contract, if one was executed, "but cannot be refunded." While Dafnos understandably complains that it is unfair for Hayes to keep the $30,000 where no construction contract was agreed upon, that is the agreement they signed.

Hayes's reservation of rights to the plans did not, as plaintiffs argue, render the agreement unenforceable for lack of consideration. Dafnos's use of the plans was restricted, not prohibited, as Dafnos could have used the plans with Hayes's written consent, or arguably, in limited circumstances, without his consent. In any event, Hayes promised to, and did, have plans drafted and delivered to Dafnos. Thus, Dafnos clearly received some benefit under the agreement. The general rule is that "[a]bsent fraud or unconscionability, the adequacy of consideration is not a proper subject for judicial scrutiny [citation omitted]" (*Apfel v Prudential-Bache Sec.*, 81 NY2d 470, 476; Restatement [Second] of Contracts § 79, comment *c*). This agreement, while perhaps improvident, was neither fraudulent nor unconscionable.

Nor can Dafnos credibly argue that he mistakenly believed that he was entitled to a refund of their $30,000 if a contract was not signed. The letter agreement states that Hayes reserves all right to the plans "whether or not the project is commenced, executed or completed", which demonstrates that the agreement made no guarantees that a contract would be executed. Further, such mistaken belief would directly conflict with the statement that the advance "cannot be refunded" (*see,* Restatement [Second] of Contracts § 154 [a party bears the risk of mistake when the risk is allocated to him by the agreement of the parties]).

As Dafnos has failed to demonstrate any theory upon which to avoid the express terms of the agreement he signed, the causes of action in the complaint seeking return of the $30,000 were properly dismissed. Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.