OPINION OF THE COURT
 

 Graffeo, J.
 

 At issue is whether a real estate broker breached a fiduciary duty owed a principal. For the reasons that follow, we conclude
 
 *339
 
 that the Appellate Division properly dismissed plaintiffs’ breach of fiduciary duty claim.
 

 Because the complaint was dismissed on a motion for summary judgment, the facts are viewed in the light most favorable to the plaintiffs. Plaintiffs placed their Manhattan cooperative apartment on the market in 1994 as an “open listing.” Under this arrangement, any real estate broker who located a purchaser for the property would be entitled to a commission from plaintiffs. Defendant Stribling & Associates, a real estate brokerage firm, through its agents, defendant Avery ChappelSmith (a licensed salesperson) and defendant Judith Durham (a licensed broker), showed plaintiffs’ apartment to several prospective purchasers. Plaintiffs confided to Chappel-Smith and Durham that they would have preferred to retain their apartment and purchase the adjacent apartment, combining the two into one residence. Because the owner of the adjacent apartment was unwilling to sell, plaintiffs had decided to sell their apartment and purchase a larger property.
 

 After showing plaintiffs’ apartment on several occasions to potential purchasers, Chappel-Smith and her husband decided to submit an offer to purchase the apartment themselves. Durham presented the proposal to plaintiffs, indicating that the brokerage commission to which defendants would have been entitled had they located a third-party purchaser would be waived because Chappel-Smith was an agent of the brokerage firm. Durham cautioned plaintiffs to contact their neighbor one more time to make certain purchase of the adjacent apartment was not a viable option before they accepted ChappelSmith’s offer. Plaintiffs maintained that they advised their neighbor to “name her price” but she again declined to sell.
 

 Accordingly, in December 1994 plaintiffs entered into a written contract with Chappel-Smith and her husband for the sale of their apartment. In the section of the standard form contract which identifies the broker involved in the transaction, the parties inserted the word “none.” Paragraph 12.2 of the contract, a provision referencing the seller’s obligation to pay the broker the commission owed under a separate agreement between the seller and the broker, was crossed-out in its entirety. Indeed, because the apartment was an “open listing,” plaintiffs had not entered into a separate agreement with defendants when the apartment was placed on the market and, the commission having been waived, no written brokerage agreement was created when plaintiffs contracted to sell to Chappel-Smith.
 

 
 *340
 
 The purchase contract also provided for delay of the closing for several months to allow plaintiffs time to find a new home. In the months that followed, Durham and Chappel-Smith showed plaintiffs several properties but plaintiffs eventually located an apartment through another brokerage firm, entering into a written purchase contract for that property in March 1995. The closing on the sale of plaintiffs’ apartment to Chappel-Smith and her husband occurred on May 30, 1995. Plaintiffs then acquired title to their new apartment.
 

 Approximately three weeks prior to the May 30 closing, Chappel-Smith had reached an oral agreement with plaintiffs’ neighbor to purchase the apartment adjacent to plaintiffs, with the same desire to combine the two apartments. Plaintiffs were not advised that the neighboring apartment had been placed on the market or that Chappel-Smith intended to purchase it and they remained unaware of this turn of events when they consummated the sale of their apartment to Chappel-Smith. On June 5, 1995, Chappel-Smith and her husband entered into a written contract to purchase the adjacent apartment.
 

 When plaintiffs discovered the arrangement between Chappel-Smith and their former neighbor, they commenced this action alleging, among other claims, that defendants breached a fiduciary duty when they failed to inform plaintiffs that the adjacent apartment had been placed on the market. On defendants’ motion for summary judgment made after extensive discovery, Supreme Court dismissed the complaint. The Appellate Division affirmed and plaintiffs appeal as of right on a two-Justice dissent. We now affirm.
 

 In New York, it is well settled that a real estate broker is a fiduciary with a duty of loyalty and an obligation to act in the best interests of the principal
 
 (see, Northeast Gen. Corp. v Wellington Adv.,
 
 82 NY2d 158, 163 [clarifying the distinction between a broker and a finder];
 
 Wendt v Fischer,
 
 243 NY 439). The broker/principal relationship and accompanying fiduciary duty can be severed by agreement of the parties or by unilateral action of the principal
 
 (see, Midcourt Bldrs. Corp. v Eagan,
 
 31 NY2d 728 [broker/vendor relationship terminated when the vendor issued a written notice of cancellation of sales authorization]). Where a broker’s interests or loyalties are divided due to a personal stake in the transaction or representation of multiple parties, the broker must disclose to the principal the nature and extent of the broker’s interest in the transaction or the material facts illuminating the broker’s divided loyalties. “[T]he disclosure to be effective must lay bare the truth,
 
 *341
 
 without ambiguity or reservation, in all its stark significance”
 
 (Wendt v Fischer, supra,
 
 243 NY, at 443 [citations omitted]).
 

 Applying these principles to this case, we conclude that defendants were entitled to summary judgment. Certainly, as a broker who endeavored to obtain a personal interest in the principals’ property, Chappel-Smith had a duty to inform plaintiffs of her intent to purchase their apartment and to disclose any information that could reasonably bear on plaintiffs’ consideration of her offer. She clearly fulfilled this obligation for there is no evidence in the record that Chappel-Smith withheld any relevant information that was in her possession at the time she and her husband entered into the 1994 purchase contract with plaintiffs.
 

 Additionally, defendants demonstrated by reference to the December 1994 purchase contract that plaintiffs had agreed that no broker would be involved in facilitating completion of the transaction. Plaintiffs did not counter this documentary evidence with any proof to the contrary. After making full disclosure — consistent with her fiduciary duty — Chappel-Smith entered into a purchase contract with plaintiffs, placing her on the opposite side of an arm’s length transaction. Under these circumstances, Chappel-Smith could no longer be considered plaintiffs’ broker. Indeed, in the purchase contract itself plaintiffs expressly recognized that the preexisting broker/ principal relationship had been discontinued. Thus, plaintiffs had no reasonable basis to expect defendants to continue to act as fiduciaries with respect to sale of their apartment
 
 (see, Midcourt Bldrs. Corp. v Eagan, supra,
 
 31 NY2d 728). We note further that defendants had no involvement in plaintiffs’ March 1995 contract for purchase of their new apartment — a property they located through a different broker.
 

 Finally, in opposing summary judgment, plaintiffs speculated that Chappel-Smith may have known of their neighbor’s intent to sell her apartment prior to May 1995 when the neighbor listed the property with several brokers. They did not, however, offer proof in evidentiary form countering the sworn statements of defendants and the neighbor indicating otherwise. The neighbor testified at an examination before trial that she did not decide to sell her property until early May 1995. Defendants averred that they did not learn the property was available until the neighbor placed it on the market on May 8 or 9, five months after plaintiffs executed the purchase contract with Chappel-Smith and two months after plaintiffs contracted for their new apartment. Thus, the admissible evidence in the
 
 *342
 
 record indicates that, by the time defendants learned the neighbor’s property was available, they were no longer working for plaintiffs and plaintiffs were no longer seeking an apartment.
 

 To the extent plaintiffs’ breach of duty claim is predicated on an allegation that Chappel-Smith used to her personal advantage confidential information plaintiffs imparted to her concerning the manner in which the two apartments could be joined, it was properly dismissed. Plaintiffs failed to rebut defendants’ proof that this construction option was not confidential or exclusive for as early as 1991 a floor plan showing precisely how two similar apartments in plaintiffs’ building had been combined was on file at defendants’ brokerage firm and available for use by any of its agents.
 

 Under the circumstances, we conclude plaintiffs failed to raise a material question of fact warranting a trial on the breach of fiduciary duty claim. Defendants’ application for summary judgment dismissing the complaint was, therefore, properly granted.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.