■ Precision Glass Tinting, Inc., Respondent, v Thomas Long, Doing Business as Master Song Martial Arts Center, et al., Defendants, and Spectra Realty Associates, Inc., Appellant. [740 NYS2d 138] —In an action, inter alia, to recover damages for breach of a fiduciary duty, the defendant Spectra Realty Associates, Inc., appeals from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated October 12, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well established that a real estate broker is a fiduciary with a duty of loyalty and an obligation to act in the best interests of the principal (see Dubbs v Stribling Assoc., 96 NY2d 337; Coldwell Banker Residential Real Estate v Berner, 202

AD2d 949; *Weissman v Mertz,* 128 AD2d 609). Consequently, in dealing with the principal, a real estate broker must act honestly and candidly, and the broker must disclose all material information that it may possess or obtain concerning the transactions involved (*see Moffat v Gerry Estates,* 259 App Div 403). A breach of this duty of loyalty by a real estate broker may constitute a fraud for which the broker is answerable in damages (*see TPL Assoc. v Helmsley-Spear, Inc.,* 146 AD2d 468).

Both the plaintiff's president and its attorney testified at their depositions that the plaintiff specifically instructed an agent employed by the defendant real estate broker to obtain consent to a proposed assignment of the plaintiff's lease from the plaintiff's landlord. They further testified that the agent told the plaintiff that he had obtained the landlord's consent, when, in fact, he had not. This deposition testimony was sufficient to raise a question of fact as to whether the defendant broker breached its duty of loyalty towards its principal, the plaintiff herein (*see Grammar v Turits,* 271 AD2d 644; *Hiller v Lips Realty,* 102 Misc 2d 367). Denials by the agent that the plaintiff instructed him to obtain the landlord's consent to the sublease, or that he advised the plaintiff's principal or the plaintiff's attorney that he had obtained the landlord's consent merely raise questions of credibility. Accordingly, the Supreme Court properly denied the defendant broker's motion for summary judgment. Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.