■ HENRI JANIAN et al., Respondents, v JOHN R. BARNES, Appellant. [742 NYS2d 445] —Rose, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered October 29, 2001 in Tioga County, which, inter alia, dismissed defendant's affirmative defenses.

This declaratory judgment action to resolve the disputed ownership of an unwanted dam site was previously before us on plaintiffs' appeal of Supreme Court's declaration that they are the owners of the property (284 AD2d 717). Finding an issue of fact precluding a summary declaration of ownership, this Court reversed and remitted the matter. On remittal, Supreme Court examined and dismissed defendant's remaining defenses of fraud, lack of consideration, unmarketable title and laches, prompting this appeal by defendant. We affirm.

Defendant initially argues that he was fraudulently induced to accept the property "as is" because he was not aware of the actual eroded condition of the dam or the finding by the Department of Environmental Conservation (hereinafter DEC) that the dam posed a serious hazard. While a general disclaimer and merger clause will not bar parol evidence of fraud in the inducement, such evidence is precluded "when a specific disclaimer is included in the contract in which the purchaser indicates that he or she has undertaken an inspection of the property or is not relying upon representations made as to the physical condition of the property" (*Cetnar v Kinowski*, 263 AD2d 842, 843, *lv dismissed* 94 NY2d 872; *see, CFJ Assoc. of N.Y. v Hanson Indus.*, 274 AD2d 892, 894; *Schooley v Mannion*, 241 AD2d 677, 678). Also, "unless the facts represented are matters peculiarly within one party's knowledge, the other party must make use of means available to him to learn, by the exercise of ordinary intelligence, the truth of such matters" in order to claim fraud in a real property transaction (*Long v Fitzgerald*, 240 AD2d 971, 973; *see, CFJ Assoc. of N.Y. v Hanson Indus.*, *supra* at 895; *Callahan v Miller*, 194 AD2d 904, 905-906).

The record here demonstrates both that the parties' agreement expressly disclaimed defendant's reliance on plaintiffs' representations and that his alleged reliance could not be justified because he was previously aware of the dam's deteriorating condition. In his letter of September 17, 1996, defendant admitted that plaintiffs had made no representations as to the condition of the property, and the record contains no evidence that any such representations were made. Also, as a former owner of the property, defendant had actual knowledge of the deteriorating condition of the dam as early as 1974 when DEC warned him of its deterioration and potential to cause serious damage, and he retained a civil engineer to evaluate its condition. Defendant's letter of November 27, 1995 to plaintiff Ara Kradjian is further evidence that he knew that the value of the property was impaired by the condition of the dam, but he was willing to assume the risk. Since plaintiffs had no obligation to affirmatively disclose the property's condition (*see, Couch v Schmidt*, 204 AD2d 951, 952; *compare, Stevenson Equip. v Chemig Constr. Corp.*, 170 AD2d 769, 771, *affd* 79 NY2d 989), Supreme Court correctly dismissed defendant's fraudulent inducement defense (*see, Weiss v Shapolsky*, 161 AD2d 707, 707-708, *appeal dismissed* 76 NY2d 889).

Next, as defendant has no viable fraud claim, Supreme Court correctly found no basis to question the adequacy of the

consideration recited in the deed to him (*see, Apfel v Prudential-Bache Sec.*, 81 NY2d 470, 476; *Spaulding v Benenati*, 57 NY2d 418, 423; *Morey v Sings*, 174 AD2d 870, 872). To the extent that defendant now argues that the sale is unconscionable, we note that this issue is unpreserved because it was not raised before Supreme Court (*see, Henry v Malen*, 263 AD2d 698, 703; *General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759). In any event, while defendant's agreement may have been imprudent, it was neither fraudulent nor unconscionable (*see, Dafnos v Hayes*, 264 AD2d 305, 306).

We also agree that Supreme Court properly dismissed the defense of laches because this action was commenced within the statute of limitations period (*see, Schmidt's Wholesale v Miller & Lehman Constr.*, 173 AD2d 1004, 1005). Plaintiffs' claim accrued, at the earliest, on September 17, 1996, when defendant agreed to purchase the property. Ownership was not disputed until much later, and plaintiffs commenced this action in February 2000, well within the six-year limitations period (*see,* CPLR 213 [2]; *Maio v Gardino*, 184 AD2d 872, 873).

Finally, while it is true that a lack of legal right of access will render title unmarketable (*see, Pollak v State of New York*, 41 NY2d 909, 910; *Howell v Brozzetti*, 246 AD2d 929, 930), here the deeds contained in the record afford the property's owner legal access for the repair and maintenance of the dam. We agree with Supreme Court that such access will not render title unmarketable. In any event, we note that defendant, as a former owner, had actual knowledge of this easement and the restriction it placed on the property's accessibility. This, together with defendant's acceptance of the property "as is," constitute his agreement to accept less than marketable title (*see, Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564, 571). Defendant also contends that title is unmarketable now because it is encumbered by a $40,000 lien imposed by DEC to secure the cost of repairing the dam, but our review of the record reveals no evidence that such a lien was in place in 1996 when plaintiffs delivered their deed to defendant.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.