■ BROWN HARRIS STEVENS RESIDENTIAL SALES, LLC, Appellant, v OXFORD CAPITAL CORP. et al., Respondents. [759 NYS2d 876] —Order, Supreme Court, New York County (Edward Lehner, J.), entered February 13, 2003, which denied plaintiff's cross motion for partial summary judgment and granted defendants' motion for further discovery on the issue of whether plaintiff breached its fiduciary duty to defendants, unanimously affirmed, with costs.

The documents belatedly provided to defendants raised material issues of fact as to whether plaintiff paid kickbacks to an employee of defendants' parent company to influence the very transactions for which plaintiff now seeks payment of commissions, and in connection with which plaintiff owed defendant a fiduciary duty as broker, and as to whether plaintiff billed the lessee as well as defendant lessors for commissions on the subject transactions. Nondisclosure of either circumstance would breach plaintiff's fiduciary duty and would be a complete defense to the claim for commissions (*see generally Dubbs v Stribling & Assoc.*, 96 NY2d 337, 340 [2001]; *Precision Glass Tinting v Long*, 293 AD2d 594 [2002]). That defendants did not include in their motion for summary judgment an affidavit of anyone with personal knowledge is of no moment; counsel's affirmation was a proper vehicle for the submission of the documents relied upon by defendants (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Dominican Festival & Parade Comm. v Velasquez*, 208 AD2d 431 [1994]). The affidavit of Krys Mitkiewicz on behalf of plaintiff does not conclusively negate the inferences raised by these documents. Furthermore, the court correctly found that further discovery on these issues was necessary, since the facts are exclusively within plaintiff's knowledge (*see Berkeley Fed. Bank & Trust v 229 E. 53rd St. Assoc.*, 242 AD2d 489 [1997]). Concur—Rosenberger, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.