■ BROOKS BANKER, Appellant, v CITY OF NEW YORK, Respondent. [825 NYS2d 725]—

In an action pursuant to RPAPL article 15, inter alia, to compel the determination of claims to real property, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated July 25, 2005, which denied his motion for summary judgment on his cause of action for a permanent easement by necessity over land owned by the defendant and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The City of New York failed to establish its prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]). Under the circumstances of this case, including the history of the conveyances regarding the subject parcels, the City failed to establish that the creation of an easement by necessity is unwarranted (*see Palmer v Palmer*, 150 NY 139, 146-147 [1896]; *Resk v City of New York*, 293 AD2d 661 [2002]). Among other things, the City's prior written promise in 1963 to convey "marketable" title to the plaintiff's predecessor-in-interest directly belies the contention that it intended only to convey an unmarketable parcel with no legal access rights (*cf. Howell v Brozzetti*, 246 AD2d 929, 930 [1998]; *Barasky v Huttner*, 210 AD2d 367 [1994]). Inasmuch as the creation of an easement by necessity is in accord with the presumed intention of the parties at the time of the original sale by the City to the plaintiff's predecessor-in-interest (*see Antonopulos v Postal Tel. Cable Co.*, 261 App Div 564, 568 [1941], *affd* 287 NY 712 [1942]), the City's cross motion for summary judgment dismissing the complaint should have been denied.

However, the plaintiff was not entitled to summary judgment on his cause of action for a permanent easement as there are unresolved issues of fact regarding the precise location, extent,

and other modalities attendant to the exercise of the plaintiff's alleged easement, particularly to the extent it may affect any property used for municipal water supply purposes (cf. Administrative Code of City of NY § 4-106 [9]). Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.