■ LISA M. DUBE-FORMAN, Appellant, v SHERYL S. D'AGOSTINO, Respondent. [877 NYS2d 740]—

Mercure, J.P. Appeal from an order of the Supreme Court (Dawson, J.), entered September 5, 2008 in Essex County, which denied plaintiff's motion for, among other things, partial summary judgment.

In January 2007, defendant, a resident of Massachusetts, entered into an exclusive buyer representation agreement with plaintiff, a real estate sales agent, for the purpose of purchasing a home in the area of the Village of Lake Placid, Essex County. In late April 2007, defendant viewed plaintiff's own residence and made a verbal purchase offer, which plaintiff accepted. Plaintiff then arranged for a structural inspection of the home on defendant's behalf; plaintiff attended the inspection but defendant did not. Thereafter, the parties entered into a written contract, which contained a specific disclaimer clause stating that defendant had examined the property, was familiar with its physical condition and agreed to accept it "AS IS." Along with the contract, defendant signed an agency disclosure form acknowledging that plaintiff was now acting as a seller's agent.

On the day of closing, defendant went to the property for a final inspection and, upon entering the basement, viewed mold and standing water in an area of the basement that had been obscured both when defendant first viewed the property and during the inspection. Immediately, defendant contacted her attorney, who came to the house and also viewed the mold infestation. The next day, defendant terminated the contract.

. Plaintiff then commenced the instant action, alleging breach of contract and seeking specific performance or, in the alternative, damages. Defendant answered, asserting several affirmative defenses, including fraud and breach of fiduciary duty, and various counterclaims. Plaintiff moved for summary judgment on the matter of defendant's liability, seeking specific performance and the dismissal of defendant's counterclaims, which Supreme Court denied. Plaintiff appeals, and we now affirm.

Initially, we note that plaintiff demonstrated prima facie entitlement to summary judgment, establishing that she was ready, willing and able to perform her obligations under the parties' signed contract, which defendant unilaterally terminated (see Alba v Kaufmann, 27 AD3d 816, 818 [2006]; Rebh v Lake George Ventures, 218 AD2d 829, 830-831 [1995]; Marine Midland Bank v Cafferty, 174 AD2d 932, 934 [1991]). We agree with Supreme Court, however, that defendant has raised questions of fact on her claims of fraud and breach of fiduciary duty.

To establish fraud, defendant must demonstrate that plaintiff knowingly misrepresented a material fact for the purpose of inducing reliance upon it, that there was, in fact, justifiable reliance thereon, and that damages resulted (*see State of New York v Industrial Site Servs., Inc.*, 52 AD3d 1153, 1157 [2008]; *Tanzman v La Pietra*, 8 AD3d 706, 707 [2004]). Here, defendant asserts that plaintiff had knowledge of mold in the basement, and that she committed fraud and breached a continuing fiduciary duty to defendant by concealing the mold during the inspection and making oral misrepresentations during the inspection that defendant relied upon, i.e., that a previously existing moisture problem had been alleviated. In response, plaintiff contends that the specific disclaimer clause in the real property contract served as a bar to admitting parol evidence of any such oral misrepresentations and, as such, is sufficient to defeat defendant's claims (*see Danann Realty Corp. v Harris*, 5 NY2d 317, 320-323 [1959]; *Janian v Barnes*, 294 AD2d 787, 788 [2002]; *Cetnar v Kinowski*, 263 AD2d 842, 843 [1999], *lv dismissed* 94 NY2d 872 [2000]). Plaintiff argues further that it was incumbent upon defendant to make use of available means, such as the home inspection, to ascertain the true physical condition of the property (*see Janian v Barnes*, 294 AD2d at 788; *Cetnar v Kinowski*, 263 AD2d at 844; *Long v Fitzgerald*, 240 AD2d 971, 973-974 [1997]).

Contrary to plaintiff's arguments, however, a specific disclaimer clause cannot serve to defeat a claim of fraud if the seller owes the buyer a fiduciary duty but nonetheless breaches that duty by failing to "disclose any information that could reasonably bear on [the buyer's] consideration of [the transaction]" (*Dubbs v Stribling & Assoc.*, 96 NY2d 337, 341 [2001]; *see Salm v Feldstein*, 20 AD3d 469, 470 [2005]; *Blue Chip Emerald v Allied Partners*, 299 AD2d 278, 279-280 [2002]; *see also Littman v Magee*, 54 AD3d 14, 17 [2008]; *cf. Rector v Calamus Group, Inc.*, 17 AD3d 960, 961 [2005]; *Slavin v Hamm*, 210 AD2d 831, 832 [1994]). Under such circumstances, the contract of sale itself—including the specific disclaimer clause—would be voidable because "a fiduciary cannot by contract relieve itself of the fiduciary obligation of full disclosure by withholding the very information the beneficiary needs in order to make a reasoned judgment whether to agree to the proposed contract" (*Blue Chip Emerald v Allied Partners*, 299 AD2d at 280).

Here, the parties signed the exclusive agency agreement—pursuant to which plaintiff was acting as defendant's buyer agent—in January 2007. At the earliest, this relationship was dissolved upon the signing of the agency disclosure on May 9,

2007. Therefore, up until that date, plaintiff owed defendant a fiduciary duty (*see Dubbs v Stribling & Assoc.*, 96 NY2d at 340); plaintiff accordingly owed such duty at the May 5, 2007 inspection, during which plaintiff was present as defendant's agent.* During this period, it was plaintiff who was obligated to provide defendant with full disclosure of any information she may have had, including the existence of moisture and mold in the basement, that could reasonably bear upon defendant's consideration of whether to enter into the contract of sale (*see Dubbs v Stribling & Assoc.*, 96 NY2d at 340-341; *Blue Chip Emerald v Allied Partners*, 299 AD2d at 279-280; *see also Worldnet Real Estate, Inc. v Suchow*, 19 AD3d 982, 984 [2005]).

In our view, there are questions of fact regarding whether plaintiff knew of and actively concealed the mold problem. While plaintiff submitted proof that there was no mold in the basement, defendant presented evidence that the mold was obscured by furniture and boxes, both at the time of defendant's initial viewing of the property, as well as during the structural inspection. Plaintiff's assertion that she would have moved the storage items had she been asked cannot be countenanced inasmuch as she was acting as defendant's agent during the inspection and, thus, was under an affirmative obligation to move the items if she had knowledge of the mold or moisture (*see Dubbs v Stribling & Assoc.*, 96 NY2d at 340-341; *Blue Chip Emerald v Allied Partners*, 299 AD2d at 280). Moreover, defendant submitted an affidavit stating that plaintiff impeded her access to the property for inspection after the items had been moved, frustrating her ability to use available means to ascertain the true physical condition of the property. Finally, defendant and her attorney averred that on the day of the closing, they observed mold in the basement and suffered adverse physical effects after a short period of exposure, and defendant's expert opined that extensive mold conditions were present. Accordingly, in light of the conflicting proof submitted by the parties, we conclude that Supreme Court properly denied plaintiff's motion for summary judgment (*see Klotz v Warick*, 53 AD3d 976, 978 [2008], *lv denied* 11 NY3d 712 [2008]; *Steuhl v Home Therapy Equip., Inc.*, 51 AD3d 1101, 1104 [2008]).

The parties' remaining contentions have been examined and

---

* Additionally, there are questions of fact regarding whether the fiduciary relationship of the parties continued subsequent to the signing of the contract and the agency disclosure. Defendant alleges that plaintiff maintained that the signing of the disclosure was a mere "formality" and that plaintiff would continue to represent defendant in the transaction, a contention that plaintiff disputes.

have been determined to be without merit or rendered academic by our holding.

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.