■ Ira Clement et al., Respondents, v Delaney Realty Corp. et al., Defendants, and William J. Shovlin et al., Appellants.
[920 NYS2d 432]—

In an action, inter alia, to recover damages for active concealment, the defendants William J. Shovlin and Susan Galligan Shovlin appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated December 28, 2009, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants William J. Shovlin and Susan Galligan Shovlin (hereinafter together the defendants) established, prima facie, their entitlement to judgment as a matter of law by submitting evidence demonstrating that they were not aware of any mold condition in their home prior to selling it to the plaintiffs. However, in opposition to the defendants' prima facie showing,

the plaintiffs raised a triable issue of fact as to whether the defendants knew of the mold condition and actively concealed it. The plaintiffs submitted evidence demonstrating, among other things, that the property had long-standing moisture and ventilation problems linked to the mold condition and that there was fresh paint in those areas of the home where the plaintiffs first noted the appearance of mold about 30 days after they closed on the purchase of the property (*see Jablonski v Rapalje*, 14 AD3d 484 [2005]; *Dube-Forman v D'Agostino*, 61 AD3d 1255 [2009]; *see also Lohan v Teja*, 22 AD3d 647 [2005]; *cf. Mancuso v Rubin*, 52 AD3d 580, 584 [2008]).

The Supreme Court did not err in considering the affidavit of the plaintiffs' home inspection expert, Patrick L. Porzio (*see Matott v Ward*, 48 NY2d 455 [1979]; *cf. Brady v Posse*, 14 Misc 3d 1232[A], 2007 NY Slip Op 50276[U] [2007]), which, inter alia, incorporated the conclusions and observations he made in his December 22, 2005, report (*see Peluso v Janice Taxi Co., Inc.*, 77 AD3d 491, 492 [2010]), and which was not barred from consideration by our determination of a previous appeal in this action (*see Clement v Delaney Realty Corp.*, 45 AD3D 519, 521 [2007]).

The defendants' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.