■ NRT NEW YORK, LLC, Doing Business as CORCORAN GROUP, Plaintiff, and CHARLES RUTENBERG, LLC, Appellant, v CHRISTOPHER MORIN et al., Respondents/Third-Party Plaintiffs-Appellants. NATALIE ESPOSITO, Third-Party Defendant-Respondent. [48 NYS3d 56]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about October 19, 2015, which, to the extent appealed from, denied plaintiff Charles Rutenberg, LLC's (Rutenberg) motion for summary judgment on its breach of contract claim, denied Rutenberg's CPLR 3211 motion to dismiss defendants' counterclaims and affirmative defenses, and granted Rutenberg and third-party defendant Natalie Esposito's (Esposito) motion to dismiss the third-party complaint against Esposito, unanimously affirmed, without costs.

The motion court correctly denied Rutenberg's motion, because defendants have adequately stated a counterclaim for breach of fiduciary duty, which, if successful, could defeat Rutenberg's right to a broker commission (*see Douglas Elliman LLC v Tretter*, 84 AD3d 446, 448 [1st Dept 2011], *affd* 20 NY3d 875 [2012]; *Brown Harris Stevens Residential Sales v Oxford Capital Corp.*, 306 AD2d 112, 112 [1st Dept 2003]). To state a claim for breach of fiduciary duty, a plaintiff must allege that the defendant owed him a fiduciary duty, that the defendant committed misconduct, and that the plaintiff suffered damages caused by that misconduct (*Burry v Madison Park Owner LLC*, 84 AD3d 699, 699-700 [1st Dept 2011]). As defendants' real

estate broker, Rutenberg owed defendants a fiduciary duty of loyalty and an obligation to act in their best interests (*Dubbs v Stribling & Assoc.*, 96 NY2d 337, 340 [2001]). Further, defendants pleaded misconduct by alleging that Rutenberg induced them into signing a lease by misrepresenting that it would not seek a sales commission after the expiration of the five-month term in the brokerage agreement. Defendants also pleaded damages by alleging that they sold the apartment to the tenants at a lower price in reliance on Rutenberg's alleged false promise that it would not seek a sales commission.

The motion court correctly dismissed the third-party complaint against Esposito, as she was merely acting as an agent for Rutenberg, a disclosed principal, and there was no indication that she intended to be personally bound by the brokerage agreement (*see JDF Realty, Inc. v Sartiano*, 93 AD3d 410, 410 [1st Dept 2012]).

We have considered the appealing parties' remaining contentions and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Gesmer, JJ. █