Edwards v Walsh (2019 NY Slip Op 01197)





Edwards v Walsh


2019 NY Slip Op 01197


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-06326
 (Index No. 706244/13)

[*1]John Edwards, appellant, 
v
Maureen Walsh, et al., respondents, et al., defendants.


Weintraub LLC, New York, NY (Yosef Y. Weintraub of counsel), for appellant.
Romeo J. Salta, New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered June 16, 2016. The order denied the plaintiff's motion for summary judgment on the issue of liability on the fourth cause of action, which was asserted against the defendant Maureen Walsh, on the issue of liability on the fifth cause of action, which was asserted against the defendants Maureen Walsh and Walsh Properties, Inc., on the eleventh and twelfth causes of action, which were asserted against the defendants Maureen Walsh and Gerard J. Walsh, and on the issue of liability on the thirteenth cause of action insofar as asserted against the defendants Maureen Walsh and Walsh Properties, Inc., pursuant to CPLR 3013 and 3211(b) dismissing the first and third affirmative defenses of the defendants Maureen Walsh, Gerard J. Walsh, and Walsh Properties, Inc., and for an award of punitive damages against the defendants Maureen Walsh and Walsh Properties, Inc.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the fourth cause of action, which was asserted against the defendant Maureen Walsh, and on the issue of liability on the fifth cause of action, which was asserted against the defendants Maureen Walsh and Walsh Properties, Inc., and pursuant to CPLR 3013 and 3211(b) dismissing the first affirmative defense of the defendants Maureen Walsh, Gerard J. Walsh, and Walsh Properties, Inc., and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
The defendant Maureen Walsh (hereinafter Maureen), a licensed real estate broker, and the defendant Walsh Properties, Inc. (hereinafter Walsh Properties), a real estate brokerage firm, represented the plaintiff in 2013 in connection with his attempt to purchase certain real property located in Queens. Subsequently, the plaintiff commenced this action against Maureen, Walsh Properties, and the defendant Gerard J. Walsh (hereinafter Gerard, and collectively the Walsh defendants), among others, alleging that Maureen had purchased the subject property for herself while simultaneously acting as the plaintiff's broker.
The plaintiff moved for summary judgment on the issue of liability on the fourth cause of action, alleging fraud against Maureen, on the issue of liability on the fifth cause of action, alleging breach of fiduciary duty against Maureen and Walsh Properties, on the eleventh cause of [*2]action, seeking the imposition of a constructive trust on the property, on the twelfth cause of action, seeking a judgment directing Maureen and Gerard to transfer ownership of the property to the plaintiff for the purchase price of $440,000, and on the issue of liability on the thirteenth cause of action, alleging prima facie tort, insofar as asserted against Maureen and Walsh Properties. The plaintiff also sought an award of punitive damages against Maureen and Walsh Properties and dismissal of the Walsh defendants' first and third affirmative defenses pursuant to CPLR 3013 and 3211(b). In the order appealed from, the Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
"[A] real estate broker is a fiduciary with a duty of loyalty and an obligation to act in the best interests of the principal" (Dubbs v Stribling & Assoc., 96 NY2d 337, 340; see Ader v Guzman, 135 AD3d 668, 670; Precision Glass Tinting v Long, 293 AD2d 594, 595). "[I]n dealing with the principal, a real estate broker must act honestly and candidly, and the broker must disclose all material information that it may possess or obtain concerning the transactions involved" (Precision Glass Tinting v Long, 293 AD2d at 595; see Dubbs v Stribling & Assoc., 96 NY2d at 340). Moreover, "[w]here a broker's interests or loyalties are divided due to a personal stake in the transaction or representation of multiple parties, the broker must disclose to the principal the nature and extent of the broker's interest in the transaction or the material facts illuminating the broker's divided loyalties" (Dubbs v Stribling & Assoc., 96 NY2d at 340). "A breach of this duty of loyalty by a real estate broker may constitute a fraud for which the broker is answerable in damages" (Precision Glass Tinting v Long, 293 AD2d at 595; see TPL Assoc. v Helmsley-Spear, Inc., 146 AD2d 468, 471).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the fourth cause of action, alleging fraud against Maureen, and on the issue of liability on the fifth cause of action, alleging breach of fiduciary duty against Maureen and Walsh Properties. In support of his motion, the plaintiff submitted evidence, including Maureen's deposition testimony, which demonstrated that, while Maureen and Walsh Properties were representing the plaintiff in connection with his attempt to purchase the property, Maureen negotiated with the seller to purchase the property for herself. Maureen testified at her deposition that on Friday, November 22, 2013, she conveyed an offer from the plaintiff to purchase the property, and also submitted her own offer to purchase the property, which she characterized as a "backup" offer. Both offers were for the same purchase price, but Maureen offered a down payment of $80,000, while the written offer she submitted on behalf of the plaintiff on November 25, 2013, offered a down payment of $40,000. Maureen did not disclose to the plaintiff that she was interested in purchasing the property, or that she had submitted an offer of her own. On Monday, November 25, 2013, the seller accepted Maureen's offer. Maureen notified the plaintiff that the seller had accepted a different offer, but did not tell him that it was her offer. The plaintiff first learned that the seller had accepted an offer from Maureen when he went to Maureen's office on December 5, 2013, by which time the contract of sale for the property had been signed. This evidence was sufficient to demonstrate, prima facie, that Maureen and Walsh Properties breached their fiduciary duty to the plaintiff (cf. Dubbs v Stribling & Assoc., 96 NY2d at 341). Additionally, this evidence established, inter alia, that Maureen made material omissions of fact upon which the plaintiff relied to his detriment (cf. Yellot v Poritzky, 170 AD2d 676; cf. also Matter of Imperato, 149 AD3d 1072, 1073).
In opposition, the Walsh defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the fourth cause of action, alleging fraud against Maureen, and on the issue of liability on the fifth cause of action, alleging breach of fiduciary duty against Maureen and Walsh Properties.
However, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the eleventh cause of action, seeking the imposition of a constructive trust. "[A] constructive trust is a fraud-rectifying remedy generally available where, in the context of a confidential relationship, a promisee, in reliance on a promise, transfers something of value, thereby unjustly enriching the promisor" (Schwab v Denton, 141 AD2d 714, 715 [internal quotation marks [*3]omitted]; see Sharp v Kosmalski, 40 NY2d 119, 121; Squiciarino v Squiciarino, 35 AD3d 844, 845). "[T]o establish that there was a transfer in reliance on the promise, it must be shown that the party seeking to impose the constructive trust had some interest in the property prior to obtaining the promise that the property would be conveyed, and that this interest was parted with in reliance on the promise" (Bontecou v Goldman, 103 AD2d 732, 733). "[N]o constructive trust will be imposed by one who has no interest in the property prior to obtaining a promise that such an interest will be given to him'" (Schwab v Denton, 141 AD2d at 715, quoting Matter of Wells, 36 AD2d 471, 474, affd 29 NY2d 931). Here, the plaintiff failed to establish, prima facie, that any transfer was made in reliance on a promise, or that, as only a potential buyer, he possessed any legally cognizable interest in the property with which he could have parted (see Kaufman v Torkan, 51 AD3d 977, 980; Schwab v Denton, 141 AD2d at 715).
The plaintiff likewise failed to establish his prima facie entitlement to judgment as a matter of law on the twelfth cause of action. This cause of action seeks specific performance directing Maureen and Gerard to transfer the property to the plaintiff for the sum of $440,000. However, "[s]pecific performance may be awarded only where there is a valid existing contract for which to compel performance" (Rojas v Paine, 101 AD3d 843, 846; see Roland v Benson, 30 AD3d 398, 399). Here, the plaintiff failed to establish the existence of any valid written contract between the parties pertaining to the sale of the property (see Titte v Butler, 143 AD3d 808, 810; Tamir v Greenberg, 119 AD2d 665, 667).
Further, the plaintiff also failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the thirteenth cause of action, alleging prima facie tort, insofar as asserted against Maureen and Walsh Properties. "The requisite elements for a cause of action sounding in prima facie tort include (1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series of acts which are otherwise legal" (Diorio v Ossining Union Free School Dist., 96 AD3d 710, 712; see Del Vecchio v Nelson, 300 AD2d 277, 278). "[T]here is no recovery in prima facie tort unless malevolence is the sole motive for defendant's otherwise lawful act, that is, unless defendant acts from disinterested malevolence" (Smith v Meridian Tech., Inc., 86 AD3d 557, 559 [internal quotation marks omitted]; see Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333; Diorio v Ossining Union Free School Dist., 96 AD3d at 712). In this case, the plaintiff's submissions, including Maureen's deposition testimony, in which she testified that she purchased the property for no reason other than she "like[d] the house very much," failed to establish that Maureen's conduct in purchasing the property was motivated solely by disinterested malevolence (see DeNaro v Rosalia, 59 AD3d 584, 588).
Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the eleventh and twelfth causes of action, and on the issue of liability on the thirteenth cause of action insofar as asserted against Maureen and Walsh Properties, the Supreme Court properly denied those branches of his motion, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Turning to the affirmative defenses, "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit" (CPLR 3211[b]). "Thus, when moving to dismiss or strike an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law'" (Greco v Christoffersen, 70 AD3d 769, 771, quoting Vita v New York Waste Servs., LLC, 34 AD3d 559, 559). Here, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the Walsh defendants' first affirmative defense, alleging that the amended complaint failed to state a cause of action. The plaintiff met his burden of demonstrating that this affirmative defense was without merit as a matter of law (see Mazzei v Kyriacou, 98 AD3d 1088, 1089; Greco v Christoffersen, 70 AD3d at 771).
The parties' remaining contentions are without merit.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court