Munna v Axman (2019 NY Slip Op 08963)





Munna v Axman


2019 NY Slip Op 08963


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Gische, J.P., Mazzarelli, Singh, Moulton, JJ.


10579 151405/17

[*1] Jane Biondi Munna, Plaintiff-Respondent,
v Leslie Axman, et al., Defendants-Appellants, Ronald Lawrence Crane, Defendant.


Cole Hansen Chester LLC, New York (Michael S. Cole of counsel), for appellants.
Profeta & Eisenstein, New York (Jethro M. Eisenstein of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about June 27, 2019, which, to the extent appealed from, denied defendants Leslie Axman and Douglas Elliman Real Estate's motion for summary judgment dismissing the causes of action for breach of fiduciary duty, unanimously affirmed, without costs.
Plaintiff's omission of an affidavit in opposition to defendants' motion does not require that the facts in defendants' affidavit be deemed admitted, because defendants submitted plaintiff's affidavit and deposition testimony, which indicate the existence of issues of fact (Connell v Buitekant, 17 AD2d 944 [1st Dept 1962]).
Plaintiff stated in her affidavit and at deposition that defendant Axman failed to disclose that she represented both plaintiff, the purchaser of an apartment, and the seller of the apartment. While Axman averred that she told plaintiff that she was representing the seller, she admitted that she did not make the required statutory disclosure about "the possible effects of dual representation, including that by consenting to the dual agency relationship the buyer and seller are giving up their right to undivided loyalty" (Real Property Law § 443[4][a]; see Rivkin v Century 21 Teran Realty LLC, 10 NY3d 344, 353-354 [2008]; Dubbs v Stribling & Assoc., 96 NY2d 337, 340 [2001]; John J. Reynolds, Inc. v Snow, 11 AD2d 653 [1st Dept 1960], affd 9 NY2d 785 [1961]).
Contrary to defendants' contention, plaintiff provided sufficient proof of damages; her bank appraisal included six comparables, five of which were located in the subject building (see Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356 [1992]).
Defendants' argument that plaintiff committed perjury is unpreserved and in any event unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK