■ In the Matter of the Guardianship and Custody of JE-MÁNJA B. and Others, Infants. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; MARITZA B., Appellant. [731 NYS2d 361] —Orders of disposition, Family Court, Bronx County (Rhoda Cohen, J.), entered on or about July 18, 1996, terminating respondent's parental rights to the subject children upon a finding of mental illness, unanimously affirmed, without costs.

Clear and convincing evidence of mental illness within the meaning of Social Services Law § 384-b (6) (a) as required by Social Services Law § 384-b (4) (c) to terminate parental rights was provided by the psychiatrist who interviewed respondent and reviewed her medical records (*see, Matter of David T.*, 268 AD2d 309). Given such a finding, a dispositional hearing was not a prerequisite to the termination of parental rights (*see, id.*). We also note the evidence that the children have spent most of their lives in foster care. Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.

■ VIRGINIA MARRERO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [731 NYS2d 361] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about July 7, 2000, which, to the extent appealed from, denied plaintiffs' motion to strike defendants' answer pursuant to CPLR 3126, unanimously affirmed, without costs.

In this medical malpractice/wrongful death action, the motion court properly exercised its discretion in denying plaintiffs' motion to strike defendants' answer since the record before the court did not justify the inference that defendants' failure to complete discovery had been willful, contumacious or in bad faith (*see, Tsai v Hernandez*, 284 AD2d 116). Notably, the delay about which plaintiffs complain was initially attributable to their own actions and omissions. Indeed, it appears from the record that defendants made good faith efforts at completing discovery on or before the cut-off date imposed by the motion court in its conditional order dated March 23, 2000.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.