■ RADIO ENGINEERING INDUSTRIES, INC., Respondent, v THOMAS A. YORK, Appellant, et al., Defendants. SCIARABBA, WALKER & COMPANY, L.L.P., Respondent. [788 NYS2d 488]—

Kane, J. Appeals (1) from an order of the Supreme Court (O'Shea, J.), entered March 19, 2003 in Schuyler County, which, inter alia, granted the motion of the court-appointed receiver awarding certain professional fees, and (2) from a resettled order of said court, entered May 14, 2003 in Schuyler County, which, inter alia, granted the motion of the court-appointed receiver approving its interim account.

Plaintiff, a judgment creditor of defendant Thomas A. York (hereinafter defendant), commenced this action to declare that certain conveyances by defendant were fraudulent and to appoint a receiver to liquidate the assets of defendant Elmira-Watkins Glen Transit Corporation (hereinafter EWGTC) to satisfy the prior judgment against defendant. In 2000, Supreme Court appointed Sciarabba Walker & Company, LLP (hereinafter the receiver) as temporary receiver pursuant to CPLR 5228 (a), with the power to, among other things, collect all payments due any defendant from the National Seating Company. National Seating originally had a contract with EWGTC, but it cancelled that contract and began employing defendant directly. On March 6, 2001, upon defendant's cross motion, the court ruled that defendant could enter into a contractual or employment relationship with National Seating for commissions, of which a maximum of 10% would be subject to plaintiff's claims. That order was not entered until August 8, 2001, after an unappealed order determined that the March 6 order was not legally binding until entered. Upon the receiver's motion, the court awarded the receiver all requested fees as necessary expenses, approved the interim accounting and ordered defendants to turn over 100% of the National Seating payments received prior to August 8, 2001. The court then issued a resettled order granting the same relief, but additionally ordering defendant to pay the receiver 10% of all wages received from National Seating after August 8, 2001. Defendant appeals from both of these orders.

Supreme Court erred in approving payment of full commis-

sions in addition to the receiver's professional fees. A receiver is statutorily entitled to reimbursement of necessary expenses and commissions of up to 5% of the amount disbursed to the judgment creditor (*see* CPLR 5228 [a]; 8004 [a]). A prior court order permitted the receiver to deduct any expenses necessary for the sale of receivership property. The receiver was permitted to hire an accounting firm to prepare corporate tax returns. Here, notwithstanding defendant's poor record keeping and refusal to cooperate, the receiver had the obligation to gather information requested by the accountant, and time spent on fact gathering cannot be double billed as both receiver commissions and accountant expenses. Upon review of the account, we reduce the commission by $1,140, the total of amounts billed by accountants Andrew Sciarabba and Marie Smith for fact gathering (*see Goldman v Bernardini*, 246 AD2d 510, 510-511 [1998], *lv dismissed* 92 NY2d 919 [1998] [receiver not entitled to full commission and fees for management services, which are typical receivership duties]).

Supreme Court appropriately applied the March 6, 2001 order only from the time it was entered. Prior orders dated November 20, 2000 and February 2, 2001 required all payments due to any defendant from National Seating to be given to the receiver. These orders continued in full force and effect until the March 6 order, permitting defendant to accept employment from National Seating and retain 90% of his earnings, was entered (*see* CPLR 2220; *Matter of Raes Pharm. v Perales*, 181 AD2d 58, 63-64 [1992]). Accordingly, the receiver was entitled to receive 100% of all payments from National Seating to any defendant until the order was entered on August 8, 2001.

Notwithstanding a general preference for an income execution over placing assets in receivership, because of defendants' conduct in attempting to avoid payment of the judgment by at least three fraudulent transfers, as well as nondisclosure of assets, and the difficulty with collection of the Freedom Village mortgage payments owed to defendant, we will not disturb Supreme Court's determination to continue the receivership. Based on defendant's failure to request that the receiver pay personal income and capital gains taxes related to the liquidation of defendants' assets, that issue is unpreserved for our review.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the orders are modified, on the law and the facts, with one bill of costs to plaintiff and the receiver, by reducing the receiver's commissions by $1,140; and, as so modified, affirmed.