■ JP Morgan Chase Bank, as Trustee, Respondent, v Michael Tecl et al., Appellants, et al., Defendants. [808 NYS2d 432]—

Rose, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered July 16, 2004 in Warren County, which, inter alia, granted plaintiff's motion to dismiss the answer of defendants Michael Tecl and Christine Tecl.

In this mortgage foreclosure action, defendants Michael Tecl and Christine Tecl (hereinafter collectively referred to as defendants) asserted various affirmative defenses, including the claim that the original mortgagee, Homeowners Loan Corporation, failed to comply with the Truth in Lending Act (15 USC § 1601 *et seq.* [hereinafter TILA]). Supreme Court granted plaintiff's motion to dismiss defendants' answer and to treat said answer as a limited notice of appearance. Defendants now appeal on the ground that a question of fact exists as to whether the TILA was violated.

The purpose of the TILA is to ensure a meaningful disclosure of the cost of credit to enable consumers to readily compare the various terms available to them, and the TILA disclosure statement will be examined in the context of the other documents involved (*see* 15 USC § 1601 [a]; *Fairley v Turan-Foley Imports, Inc.*, 65 F3d 475, 479 [5th Cir 1995]; *Shroder v Suburban Coastal Corp.*, 550 F Supp 377, 381-382 [US Dist Ct, SD Fla 1982]). As long as there is clear disclosure of the required information, de minimis violations with "no potential for actual harm" will not be found to violate the TILA (*Rodrigues v Members Mtge. Co., Inc.*, 323 F Supp 2d 202, 207 [US Dist Ct, Mass 2004]). With regard to the finance charge and other disclosures affected by the finance charge, such as the amount financed and the annual percentage rate, the tolerances for accuracy that apply here are set forth in the statute and regulations (*see* 15 USC § 1605 [f]; 12 CFR 226.23 [g], [h]). Contrary to defendants' contention, it is only an *understatement* of these disclosures that is subject to a $35 margin for error (*see* 12 CFR 226.23 [h] [2] [i]).

Defendants first argue that the TILA disclosure form was inaccurate because the loan proceeds to be paid to defendants are overstated as $13,046.01 and this error is shown by the statement of $12,180.01 as the net amount to be paid to them on the HUD-1 settlement form. This issue is not preserved for our review as it was not raised in either the affidavits or arguments before Supreme Court (*see e.g. Janian v Barnes*, 294 AD2d 787, 789 [2002]). In any event, were we to consider it, we would find that no material nondisclosure was shown to have occurred because defendants did not deny that they received the amount stated on the disclosure form or present proof that $866, the difference between the amounts on the two forms, was not paid to others on their behalf as listed on the TILA form. Nor is there any evidence that, as defendants' counsel speculates, this amount may have been a prepaid finance charge.

Defendants next argue that the loan information required by the TILA (*see* 12 CFR 226.18 [a]-[r]) was inaccurately disclosed because the sum of $1,080 was erroneously listed on the separate HUD-1 settlement form as the fee for "Recording of Deed." Plaintiff readily concedes that this entry is a clerical error since no deed was recorded. However, the error did not occur on the TILA disclosure statement, where the identical amount is listed as being for "State Tax/Stamps," and the context clearly indicates that this charge was accurate for the admittedly appropriate mortgage tax. Accordingly, this unintentional error on the HUD-1 settlement form does not violate the TILA (*see* 15 USC § 1640 [c]).

As to defendants' contention that the fees listed for the services of a title company were inaccurate or should not have been included in the amount financed, we note that there is no evidence of this in the record. Even if there were, this would have resulted only in the finance charge being overstated rather than understated, and an overstatement is not considered to be a defense in a mortgage foreclosure action (*see* 12 CFR 226.23 [h] [2] [ii]).

We have reviewed defendants' remaining contentions, including their claim that Homeowners' representation of the terms of the loan violated General Business Law § 349, and find them to be equally without merit.

Crew III, J.P., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.