■ In the Matter of RADIO ENGINEERING INDUSTRIES, INC., Appellant, v CHRISTOPHER DENTON et al., Respondents. [817 NYS2d 170]—

Rose, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered October 6, 2005 in Chemung County, which, in a proceeding pursuant to CPLR article 4, inter alia, set the matter down for trial.

As described more fully in our decision in a prior related action (*Radio Eng'g Indus., Inc. v York*, 14 AD3d 893 [2005]), petitioner obtained a money judgment in 1999 against Thomas York, a client of respondent Christopher Denton (hereinafter respondent), an attorney. A temporary receiver was appointed to collect all payments made to York through his corporations by National Seating Company under a 1986 employment contract, and York executed an assignment of all such payments to the receiver. By an order issued on March 6, 2001 (hereinafter the March order), Supreme Court directed that York could personally enter a new employment relationship with National Seating without violating any prior court order and only 10% of his personal earnings therefrom would be subject to petitioner's claims (*see id.* at 894). In May 2001, upon receipt of a payment of approximately $37,000 from National Seating and allegedly believing the March order to be applicable because the payment was for York's new employment, respondent distributed 10% to the receiver and 90% to York. Petitioner ultimately commenced this special proceeding against, among others, respondent seeking a judgment directing respondent to pay 90% of the $37,000 payment to the receiver. In his answer, respondent requested summary dismissal of the petition. Finding questions of fact as to whether or not respondent breached his ethical duty to the receiver, Supreme Court denied his request and ordered a trial pursuant to CPLR 410. Petitioner now appeals.

Initially, we note that the issues concerning whether respondent also was an escrow agent of the funds received from National Seating and whether a summary proceeding is authorized for prosecution of petitioner's claim were neither raised before, nor decided by, Supreme Court. Thus, they are unpreserved (*see Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004]; *Janian v Barnes*, 294 AD2d 787, 789 [2002]), and we therefore decline to review them.

Petitioner also contends that Supreme Court erred in finding questions of fact rather than granting it a summary determina-

tion that respondent is personally liable based upon a violation of 22 NYCRR 1200.46 (c) (4) because his distribution of funds to York, despite the assignment, breached an ethical duty owed to the receiver. However, inasmuch as the Court of Appeals has rejected the argument that an attorney is legally liable to third parties for violating Code of Professional Responsibility DR 9-102 (c) (22 NYCRR 1200.46 [c]; *see Shapiro v McNeill*, 92 NY2d 91, 97 [1998]), we cannot agree that petitioner established an actionable claim based upon respondent's alleged breach of the code. Nevertheless, the petition states a cause of action based instead upon an independent tort theory of liability against respondent as one who "knowingly facilitates the misappropriation of the property of another" (*id.* at 97; *see Leon v Martinez*, 84 NY2d 83, 89 [1994]). It clearly alleges that respondent knew of the assignment because he had drafted it and wrongfully circumvented it by diverting 90% of National Seating's payment to York.

Given such a claim, we agree with Supreme Court's finding of a question of fact as to whether the $37,000 payment was pursuant to the 1986 employment contract with his corporations or was for York's new personal employment agreement with National Seating. On this issue, respondent contends that National Seating terminated the 1986 employment agreement in October 2000 and the $37,000 payment was for York's work from November 2000 through February 2001. If the payment were ultimately found to be from York's new employment, then it would not have been subject to the assignment, which was expressly limited to payments pursuant to his 1986 employment agreement. In that case, respondent's distribution of 90% to York would not be a misappropriation or other intentional violation of the terms of the assignment.

Although petitioner argues that the payment could not have been from new employment because the March order was only prospective in permitting new employment, the order's effect is immaterial here because the petition premises respondent's liability upon his disregard for York's assignment to the receiver (*see Leon v Martinez, supra* at 89) and the assignment encompassed only payments pursuant to the 1986 employment agreement. However, even if the $37,000 payment were found to be earned pursuant to the 1986 employment agreement, there would be a further question of fact as to whether respondent reasonably believed that the payment was from York's new employment. Respondent alleges that he had such a belief and, if it were reasonable, he could not be found to have converted (*see* PJI3d 3:10 [2006]), or knowingly facilitated the misappro-

priation of, the receiver's funds. Given these questions, Supreme Court did not err in denying petitioner a summary determination of liability.

Finally, despite petitioner's contrary contention, we find no abuse of discretion in Supreme Court's determination to deny the objections raised in respondent's affirmative defenses without prejudice to renewal upon his submission of additional supporting affidavits within 30 days (see CPLR 2001).

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.