■ In the Matter of LORETTA C., an Infant. CHERI C., Appellant; GOOD SHEPARD SERVICES, Respondent. [821 NYS2d 559]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about March 23, 2005, which, upon a finding of mental illness, terminated respondent's parental rights to the subject child and transferred the child's custody and guardianship to petitioner agency and the Commissioner of Social Services for the purposes of adoption, unanimously affirmed, without costs.

The finding of mental illness (Social Services Law § 384-b [6]

[a]) is supported by clear and convincing evidence, namely, the uncontroverted testimony of a court-appointed psychiatrist (Social Services Law § 384-b [6] [c], [e]), that respondent suffers from schizophrenia, paranoid type, continuous (Axis I), rendering her presently and for the foreseeable future unable to provide proper and adequate care for the child (Social Services Law § 384-b [4] [c]). Although the expert's examination of respondent lasted only 40 minutes due to respondent's acute psychotic presentation, limited cooperation and failure to answer his questions, an extensive medical record, which shows a history of mental illness since childhood, numerous hospitalizations and a failure at times to take medication and cooperate with treatment (*see Matter of Victoria Lauren W.*, 15 AD3d 165 [2005]; *Matter of Lashawn Shanteal R.*, 14 AD3d 467 [2005]), provided a well-articulated basis for the expert's testimony (*cf. Matter of Dochingozi B.*, 57 NY2d 641 [1982]). The record also established that two weeks after the child's birth, respondent was arrested for stabbing a woman on a bus, but that she has yet to stand trial because she was found unfit to do so. Although a dispositional hearing was not a prerequisite to terminating respondent's parental rights (*see Matter of Jemanja B.*, 287 AD2d 298 [2001]), Family Court nevertheless held one, which established that it is in the child's best interests to be freed for adoption by her foster mother with whom she has bonded. We have considered respondent's other arguments and find them unavailing. Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.