■ Ronald J. Herron et al., Appellants-Respondents, v Essex Insurance Company, Respondent, and High Peak Agency, Inc., Respondent-Appellant, et al., Defendant. [823 NYS2d 571]—

Mercure, J.P. Cross appeals from an order of the Supreme Court (Stein, J.), entered April 22, 2005 in Greene County, which, upon reargument, granted a cross motion by defendant Essex Insurance Company for summary judgment dismissing the complaint against it and partially denied a motion by defendant High Peak Agency, Inc. to dismiss the complaint.

In November 2001, plaintiffs and defendant Grand Villa Resort, Inc. entered into a lease agreement permitting Grand Villa to operate a resort on plaintiffs' property in Greene County. As relevant here, the lease agreement required Grand Villa to obtain fire insurance and to list plaintiffs as "mortgage insured" in the policy. Grand Villa sought such insurance through defendant High Peak Agency, Inc., a general insurance agency that had allegedly served plaintiffs for many years and that plaintiffs contacted regarding Grand Villa's insurance needs. As a result, defendant Essex Insurance Company issued a policy to Grand Villa. Although Grand Villa listed plaintiffs as owners of the property and "Lender Loss Payee[s]" on its application, the policy designated plaintiffs as mortgagees and "loss payee[s]" in the property or first-party section of the policy. Essex concedes

that the distinction between loss payee and lender loss payee is significant because a lender loss payee is not subject to an insurer's defenses against an insured (*see Wometco Home Theatre v Lumbermens Mut. Cas. Co.*, 97 AD2d 715, 716 [1983], *affd on mem below* 62 NY2d 614 [1984]).

In January 2002, one of the insured buildings was destroyed by fire. Grand Villa refused to cooperate with Essex in the investigation of the fire, thereby breaching an obligation under the policy to cooperate and provide testimony under oath during claim investigations. Essex denied plaintiffs' claim for damage to the building and, thereafter, plaintiffs commenced this action against Essex, Grand Villa and High Peak. High Peak and Essex answered, asserting cross claims against each other. Plaintiffs subsequently moved for summary judgment directing Essex to turn over the insurance proceeds and seeking reformation of the policy to reflect their proper status. Essex cross-moved for summary judgment dismissing the complaint; High Peak sought dismissal of the complaint, along with the cross claim asserted by Essex. Supreme Court denied plaintiffs' motion and, upon a motion for reargument, granted Essex summary judgment dismissing the complaint. High Peak's motion was denied in part, however, to the extent that the complaint could be construed as asserting a cause of action arising out of High Peak's alleged special relationship with plaintiffs requiring it to obtain appropriate coverage for them. Plaintiffs and High Peak cross-appeal, and we now affirm.

Contrary to their argument before Supreme Court that they should have been listed in the policy as "lender loss payees," plaintiffs now rely on a theory of mutual mistake in asserting that the insurance policy should be reformed to state their interest as owners instead of mortgagees, loss payees or lender loss payees. Inasmuch as plaintiffs' argument that they are entitled to reformation naming them as owners is raised for the first time on appeal, it is not preserved for our review and we decline to review it (*see Matter of Radio Eng'g Indus., Inc. v Denton*, 30 AD3d 672, 673 [2006]; *JP Morgan Chase Bank v Tecl*, 24 AD3d 1001, 1003 [2005]). Moreover, Supreme Court properly determined that plaintiffs are not entitled to reformation of the policy to list them as lender loss payees.

"A party seeking reformation must establish, by clear and convincing evidence, that the writing in question was executed under mutual mistake or unilateral mistake coupled with fraud" (*Leavitt-Berner Tanning Corp. v American Home Assur. Co.*, 129 AD2d 199, 201-202 [1987], *lv denied* 70 NY2d 609 [1987] [citation omitted]; *see George Backer Mgt. Corp. v Acme Quilting*

*Co.*, 46 NY2d 211, 218-219 [1978]). In the event "that an innocent mistake occurred with respect to a named insured and it is evident that the parties intended to cover the risk, the error may be deemed mutual for purposes of reformation even though the insurer was not aware of the error" (*Cheperuk v Liberty Mut. Fire Ins. Co.*, 263 AD2d 748, 749 [1999]). Here, plaintiffs did not qualify for designation as "lender loss payees" because they were not lenders. Inasmuch as plaintiffs failed to establish the existence of a mutual mistake on behalf of the contracting parties—Grand Villa and Essex—or that Essex intended to insure the risk, they are not entitled to reformation of the policy (*see Leavitt-Berner Tanning Corp. v American Home Assur. Co.*, *supra* at 202; *Ogdensburg Bldg. Supply v Lumber Mut. Ins. Co.*, 102 AD2d 960, 961 [1984]; *cf. Cheperuk v Liberty Mut. Fire Ins. Co.*, *supra* at 749-750).

Further, contrary to High Peak's argument on its cross appeal, Supreme Court did not improperly search the record and grant summary judgment in favor of a nonmoving party on a cause of action that was not the subject of the motions before the court (*cf. Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Instead, the court evidently construed High Peak's motion as seeking dismissal of the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]; [e]). In our view, because the facts alleged in the complaint fit within a cognizable legal theory—that High Peak breached a continuing duty, arising out of a special relationship with plaintiffs, to advise them to obtain additional coverage (*see Murphy v Kuhn*, 90 NY2d 266, 272-273 [1997]; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 438 [2003])—High Peak failed to demonstrate prima facie entitlement to dismissal of the complaint and Supreme Court properly denied its motion to the extent that the complaint asserts a cause of action arising out of High Peak's alleged special relationship with plaintiffs (*see generally Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Crew III, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.