■ In the Matter of MALEEKA ABDULLAH M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FULAUNE M., Appellant. [884 NYS2d 872]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of mental illness, the father appeals, as limited by his brief, from so much of an order

of fact-finding and disposition of the Family Court, Kings County (Danoff, J.), dated July 14, 2008, as, after a fact-finding and dispositional hearing, terminated his parental rights and transferred custody and guardianship of the child to the Commissioner of the Administration for Children's Services of the City of New York for the purposes of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

In order to terminate parental rights on the ground of mental illness, it is incumbent upon the party seeking termination to demonstrate by clear and convincing proof (see Social Services Law § 384-b [3] [g]) that the parent is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child (see Social Services Law § 384-b [4] [c]; Matter of Tamaine William B., 38 AD3d 767, 768 [2007]; Matter of Dederia S.C., 26 AD3d 375 [2006]; Matter of Jon C., 305 AD2d 592 [2003]). In this case, the petitioner met that burden with respect to the father, who suffers from paranoid schizophrenia.

The court-appointed psychologist, who testified at the hearing on behalf of the petitioner, interviewed the father for 2½ hours, and reviewed the father's available outpatient treatment records, a previous forensic evaluation of the father performed by another court-appointed psychologist, and the petitioner's records pertaining to the subject child, which included status reports and progress notes. The court-appointed psychologist testified that the father believed that he was a victim of witchcraft perpetrated upon him by almost everyone, including past Presidents of the United States, and that the father had stopped taking his medication. In the opinion of the court-appointed psychologist, although a parent with a mental illness, such as schizophrenia, could care for his or her child if that parent were actively involved in a meaningful treatment program which resulted in the stabilization of the mental illness, had a level of insight into his or her illness that would guarantee continued treatment, were responsible enough to make certain that the child's needs were met, and had a support system to aid with caring for the child, the father lacked any insight into his illness, and treatment had failed to help him become stable or produce effective results. Moreover, the court-appointed psychologist testified that the father stated that he would refuse to take medication even if taking such medication were a condition to regaining custody of his child.

In light of the foregoing, the Family Court properly determined that the petitioner met its burden, and appropriately

terminated the parental rights of the father (*see Matter of Karyn Katrina D.*, 19 AD3d 592 [2005]; *Matter of Philip R.*, 293 AD2d 547 [2002]).

The father's remaining contention is without merit. Prudenti, P.J., Miller, Covello and Austin, JJ., concur.