In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of mental illness, the mother appeals, and the child, Hope K.W, separately appeals, from an order of fact-finding and disposition of the Family Court, Kings County (Danoff, J.), dated March 15, 2011, which, after fact-finding and dispositional hearings, terminated the mother’s parental rights upon a finding that she is presently, and will be in the foreseeable future, unable, by reason of mental illness, to provide proper and adequate care for the subject child, and transferred custody and guardianship of the subject child to MercyFirst and the Commissioner of the Administration for Children’s Services of the City of New York for purposes of adoption.
Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
Contrary to the contention of the attorney for the child, the mother may appeal from the entire order, as her attorney participated in both the fact-finding and dispositional hearings (see Matter of Edward J. Mc. [Edward J. Mc.], 92 AD3d 887 [2012]; Matter of Elijah P. [C.I.P.], 76 AD3d 631 [2010]; Matter *865 of Amber Megan D., 54 AD3d 338 [2008]; Matter of Vanessa M., 263 AD2d 542 [1999]; Matter of Geraldine Rose W., 196 AD2d 313 [1994]).
There was clear and convincing evidence to support the Family Court’s determination that the mother is presently, and for the foreseeable future, unable, by reason of mental illness, to provide proper and adequate care to the subject child (see Social Services Law § 384-b [4] [c]; Matter of Dominique Larissa Blue M. [Yasmin M.], 84 AD3d 962 [2011]; Matter of Maleeka Abdullah M., 65 AD3d 1045 [2009]; Matter of Joseph Lawrence S., 56 AD3d 785 [2008]; Matter of Tyler Shannara S., 38 AD3d 560 [2007]; Matter of Karyn Katrina D., 19 AD3d 592 [2005]). The court-appointed psychologist, after interviewing the mother and reviewing a previous forensic report of the mother performed by another court-appointed psychologist, hospital records, and the records of a prior neglect proceeding, testified that the mother suffers from severe depression, with psychotic features, and a personality disorder. The psychologist opined that if the child were returned to the mother, she would be at risk of being neglected in the present and in the foreseeable future due to the nature of the mother’s illness, the mother’s lack of insight about her illness, and the mother’s inability to act in accordance with her child’s needs due to her illness (see Matter of Jasmine Cherie B., 56 AD3d 552 [2008]; Matter of Cora P., 49 AD3d 650 [2008]; Matter of Amanda Ann B., 38 AD3d 537 [2007]; Matter of Andrew U., 22 AD3d 926 [2005]).
Further, it was in the child’s best interests to terminate the mother’s parental rights and free her for adoption (see Matter of Loretta C., 32 AD3d 764 [2006]; Matter of Ernesto Thomas A., 5 AD3d 380 [2004]).
The mother’s remaining contention is unpreserved for appellate review.
The remaining contention of the attorney for the child is without merit. Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.