US Bank N.A. v Cimino (2023 NY Slip Op 00125)

US Bank N.A. v Cimino

2023 NY Slip Op 00125

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-02202
 (Index No. 4431/10)

[*1]US Bank National Association, etc., respondent,
v
Charles Cimino, et al., appellants, et al., defendant.

F. J. Romano & Associates, P.C., Smithtown, NY (Frank J. Romano of counsel), for appellants.
Aldridge Pite, LLP (Reed Smith, LLP, New York, NY [Andrew B. Messite, Joseph B. Teig, and James Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Charles Cimino and Joelle Cimino appeal from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated July 26, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was, in effect, for leave to reargue its opposition to those defendants' prior motion which was, in effect, to enforce a prior order of the same court (Jeffrey Arlen Spinner, J.) dated February 26, 2013, directing dismissal of the action, which had been granted in an order of the same court dated December 12, 2016, and, upon reargument, in effect, vacated the order dated December 12, 2016, and thereupon denied the defendants' prior motion.
ORDERED that order dated July 26, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action in January 2010. By order dated February 26, 2013 (hereinafter the 2013 order), the Supreme Court, on its own motion, directed dismissal of the action for failure to prosecute. Unaware of the dismissal, the plaintiff, in 2014, moved for summary judgment on the complaint and for an order of reference. By order dated August 15, 2014 (hereinafter the 2014 order), the court, inter alia, granted the plaintiff's unopposed motion for summary judgment and appointed a referee to ascertain and compute the amount due to the plaintiff. In May 2015, the defendants Charles Cimino and Joelle Cimino (hereinafter together the defendants) moved, in effect, to enforce the 2013 order by vacating the 2014 order and dismissing the action. By order dated December 12, 2016 (hereinafter the 2016 order), the court granted the defendants' motion and directed dismissal of the action. The plaintiff filed a timely notice of appeal, but took no further action. That appeal was ultimately deemed dismissed for failure to perfect.
In February 2018, the plaintiff moved, inter alia, in effect, for leave to reargue its opposition to the defendants' motion, in effect, to enforce the 2013 order. By order dated July 26, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was, in effect, for leave to reargue, and, upon reargument, denied the defendants' prior motion. The defendants appeal.
A motion for reargument is addressed to the sound discretion of the court which determined the original motion, and leave to reargue may be granted upon a showing that the court overlooked or misapprehended the facts or the law, or otherwise mistakenly arrived at the original decision (see LaSalle Bank N.A. v Lawrence, 186 AD3d 1507, 1508). On appeal, the defendants contend that the Supreme Court lacked the authority to entertain that branch of the plaintiff's motion which was, in effect, for leave to reargue as a result of its failure to perfect its appeal from the 2016 order. "However, '[e]very court retains a continuing jurisdiction generally to reconsider any prior intermediate determination that was made' during the pendency of an action" (Daniels v Howell, 9 AD3d 442, 443, quoting Aridas v Caserta, 41 NY2d 1059, 1061; see CPLR 2221[a]). The defendants' contention is therefore without merit.
The parties' remaining contentions are not properly before this Court.
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court