Sokolnik v Voronova (2023 NY Slip Op 06156)

Sokolnik v Voronova

2023 NY Slip Op 06156

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-06927
 (Index No. 513945/17)

[*1]Nadia Sokolnik, respondent,
v
Yelena Voronova, appellant.

Philip Gurevich, Brooklyn, NY, for appellant.
Efrom J. Gross, West Hempstead, NY (Michael Dachs of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for podiatric malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 9, 2021. The order, in effect, granted the plaintiff's motion for leave to reargue her opposition to the defendant's prior motion, in effect, to enforce a self-executing order of the same court dated December 9, 2020, precluding the plaintiff from testifying at trial, and pursuant to CPLR 3126 to dismiss the complaint, which, in effect, had been granted in an order of the same court dated July 1, 2021, and, upon reargument, vacated the order dated July 1, 2021, and thereupon denied the defendant's prior motion, in effect, to enforce the self-executing order dated December 9, 2020, and pursuant to CPLR 3126 to dismiss the complaint, and vacated so much of the order dated December 9, 2020, as precluded the plaintiff from testifying at trial.
ORDERED that the order dated September 9, 2021, is affirmed, with costs.
In July 2017, the plaintiff commenced this action to recover damages against the defendant for podiatric malpractice. In September 2017, the defendant served a verified answer. By notice of motion dated May 10, 2021, the defendant moved, in effect, to enforce a self-executing order of the same court dated December 9, 2020, precluding the plaintiff from testifying at trial, and pursuant to CPLR 3126 to dismiss the complaint. The defendant contended, among other things, that the plaintiff had failed to comply with court-ordered discovery, including the terms of the self-executing order dated December 9, 2020, which, inter alia, required the parties to conduct depositions on or before February 19, 2021. In an order dated July 1, 2021 (hereinafter the dismissal order), the Supreme Court, in effect, granted the defendant's motion.
In August 2021, the plaintiff moved for leave to reargue her opposition to the defendant's motion. In an order dated September 9, 2021, the Supreme Court, in effect, granted leave to reargue, and upon reargument, vacated the dismissal order, and thereupon denied the defendant's prior motion, and vacated so much of the self-executing order as precluded the plaintiff from testifying at trial. The defendant appeals.
"A motion for leave to reargue 'shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion'" (Partanio v Federal Realty Inv. Trust, 213 [*2]AD3d 685, 686, quoting CPLR 2221[d][2]; see US Bank N.A. v Cimino, 212 AD3d 683, 684). Such a motion is addressed to the sound discretion of the court which determined the original motion (see Onewest Bank, FSB v N & R Family Trust, 200 AD3d 900, 901; LaSalle Bank N.A. v Lawrence, 186 AD3d 1507, 1508).
"CPLR 3126(3) provides, in relevant part, that '[i]f any party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just, among them[,] . . . an order . . . dismissing the action or any part thereof" (Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d 769, 770, quoting CPLR 3126[3]; see Cobo v Pennwalt Corp. Stokes Div., 185 AD3d 650, 652). "CPLR 3126 broadly empowers a trial court to craft a conditional order of preclusion" (Robert v Azoulay Realty Corp., 209 AD3d 781, 785 [internal quotation marks omitted]).
"When a litigant fails to comply with the terms of a conditional order of preclusion, the terms of that order become absolute" (Cannon v 111 Fulton St. Condominium, Inc., 162 AD3d 838, 840). "However, the burden of establishing noncompliance rests with the party seeking preclusion" (id.). Moreover, "[b]ecause the remedy of preclusion is the functional equivalent of striking a party's pleading, it may not be granted where the party can demonstrate a justifiable excuse and a potentially meritorious cause of action" (id. [citation omitted]).
Here, the record demonstrates that after the self-executing order was issued in December 2020, both parties failed to conduct depositions on or before February 19, 2021, as required by the terms of that order. Although the attorneys for both parties affirmed that they exchanged correspondence concerning the scheduling of depositions pursuant to the self-executing order, both attorneys denied ever receiving these letters, and the record does not contain any evidence of telephone calls or emails demonstrating any other attempts to comply with the self-executing order. Given the parties' failed efforts to schedule depositions in accordance with the conditional order, the defendant failed to establish that the plaintiff "violated the conditional order of preclusion or otherwise willfully and contumaciously failed to comply with discovery" (Robert v Azoulay Realty Corp., 209 AD3d at 785-786; see Cannon v 111 Fulton St. Condominium, Inc., 162 AD3d at 840; Marerro v City of New York, 287 AD2d 298, 298).
Accordingly, contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion by, in effect, granting leave to reargue, and upon reargument, vacating the dismissal order and thereupon denying the defendant's prior motion, and vacating so much of the self-executing order as precluded the plaintiff from testifying at trial.
The defendant's remaining contention is without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court