| |
|---|
| **Wells Fargo Bank, N.A. v Defoe** |
| 2023 NY Slip Op 34558(U) |
| December 4, 2023 |
| Supreme Court, Richmond County |
| Docket Number: Index No. 135289/2018 |
| Judge: Desmond A. Green |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND**

-------------------------------------------------------------------------X RFP

WELLS FARGO BANK, N.A. AS TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST SERIES
2007-FXD1,

                        Plaintiff,

-against-

SUZANNE LYNN DEFOE; GEORGE J. GRAZEDISKI;
APPLIED BANK; MIDLAND FUNDING LLC DOING
BUSINESS IN NY AS OF DELAWARE, LLC; NEW
YORK CITY PARKING VIOLATIONS BUREAU; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU;
NEW YORK ENVIRONMENTAL CONTROL BOARD;
NORTH STAR CAPITAL ACQUISITION LLC;
HOUSEHOLD FINANCE CORP.,

                        Defendants.

-------------------------------------------------------------------------X

Present:
HON. DESMOND A. GREEN

DECISION AND ORDER

Index No. 135289/2018

Motions No. 004, 005, 006

The following papers numbered 1-9 were fully submitted:

|  | **Papers Numbered** |
|---|---|
| Defendants' Notice of Motion to reargue Motions 002 and 003 with the Affirmation of Thomas M. Tilona, Esq., (dated September 18, 2022) (Exhibits Annexed) -------------------------------------------------------------------------------- | 1 |
| Defendants' Memorandum of Law in support (dated September 18, 2022) -------- | 2 |
| Affirmation of Todd Z. Marks, Esq. in opposition to motion to reargue (dated October 17, 2022) ------------------------------------------------------------------------- | 3 |
| Defendant' Reply Memorandum of Law (dated October 25, 2022) ----------------- | 4 |
| Plaintiff's Notice of Motion to confirm referee report and for a judgment of foreclosure and sale with Affirmation of Molly L. Chapman, Esq. (dated December 6, 2022)(Exhibits Annexed) ------------------------------------------------- | 5 |
| Defendants' Notice of Cross-Motion to reject referee's report and in opposition to plaintiff's motion to confirm and for a judgment of foreclosure and sale with the Affirmation of Thomas M. Tilona, Esq. (dated March 14, 2023)(Exhibits Annexed) --------------------------------------------------------------------------------- | 6 |

1

Affirmation of Todd Z. Marks in opposition to defendants' cross-motion to reject (006) (dated March 27, 2023) ------------------------------------------------------------ 7

Letter of Todd Z. Marks, Esq. forwarding payment history (dated May 9, 2023) - 8

Letter of Thomas M. Tilona, Esq. responding to payment history (dated May 10, 2023) ------------------------------------------------------------------------- 9

The court rules as follows: defendants' motion to reargue (004) is granted in part and denied in part and plaintiff's motion to confirm the referee report and for a judgment of foreclosure (005) and sale and defendants' motion to reject the referee's report (006) are denied.

## PROCEDURAL HISTORY

This action for residential foreclosure was commenced with the filing of a summons and complaint on April 30, 2018. Defendants did not file an answer but did appear at a foreclosure settlement conference, *pro se*, on July 24, 2018. On October 24, 2018, the court granted plaintiff's motion for a default judgment and order of reference, executing the same on November 5, 2018 (motion 001). On November 13, 2019, the court dismissed the action due to plaintiff's failure to prosecute. On November 15, 2019, plaintiff filed a motion to vacate the dismissal and restore the action to the docket (motion 002). Defendants, by their present attorneys, opposed plaintiff's motion and, on March 13, 2022, filed a motion to vacate defendants' default and extend their time to answer (motion 003). By decision and order dated July 15, 2022, the court granted plaintiff's motion to restore the matter and denied defendants' request to vacate their default and extend time to answer. Defendant now seeks to reargue the court's decision on motion 002 and 003, which plaintiff opposes.

Plaintiff has also filed to confirm the referee report and for a judgment of foreclosure and sale (motion 005) with defendants cross-moving to reject the referee's report (motion 006). Plaintiff and defendants opposed their respective motions.

2

## FACTS

The facts germane to the present motion are not in dispute. Defendant Suzanne Lynn Defoe ("DeFoe") took title to the property known as 122 Lortel Avenue, Staten Island (the "Site") on December 7, 1988. Defoe has lived at the Site since 1951 shortly after her birth, ultimately inheriting the property upon the death of her mother. On August 15, 2001, DeFoe deeded the property to defendant George J. Grazediski, her long-term partner ("Grazedski") and herself as joint tenants with rights of survivorship. On September 19, 2006, defendants executed a note in the principal amount of $332,500 (the "2006 Note") documenting a loan from plaintiff's purported predecessor. Contemporaneously, defendant granted a mortgage, pledging the Site as security for said loan (the "Mortgage"), which was subsequently recorded with the Richmond County Clerk.

On December 21, 2007, plaintiff commenced a foreclosure action against defendants, in which plaintiff alleged that defendants had failed to make required payments due under the 2006 Note and accelerated the balance due thereunder (*Wells Fargo Bank v Grazediski*, Index #104774/2007 [Richmond County])(the "2007 Action"). Defendants did not formally appear in the 2007 Action and the matter proceeded to the point that a judgment of foreclosure and sale was signed by the court on October 2, 2008. On October 1, 2008, plaintiff and defendants entered into a loan modification agreement which reflected a new principal balance (the "2008 Modification"). At the request of plaintiff, on December 14, 2009, the court ordered that the judgment of foreclosure and sale be vacated, the notice of pendency be cancelled and the 2007 Action be discontinued.

On July 29, 2011, by the filing of a summons and complaint, plaintiff commenced a foreclosure action against defendants (*Wells Fargo Bank, N.A. v. Grazediski*, Index No. 130613/2011, Richmond County)(the "2011 Action"). While certain creditors / lien holders appeared in the 2011 action, defendants did not formally answer or appear. In July of 2014, plaintiff filed a stipulation to discontinue the 2011 action with the court. The stipulation was signed by plaintiff and lienor / defendant North Star Capital Acquisitions, LLC. Defendants did not sign the stipulation. In an affirmation accompanying the discontinuance filing, plaintiff's then counsel stated that the 2011 Action was being discontinued due to "the discovery of an

3

[* 3]

unrecorded loan modification on 4/10/14". It is unclear what modification counsel was referring to, but there does not appear to have been any permanent loan modification entered into by the parties subsequent to the 2008 modification.

On July 26, 2017, Specialized Loan Servicing ("SLS") mailed notices to both defendants.[1] The notices acknowledged that while the balance of their loan had previously been demanded / accelerated, the notice was de-accelerating the loan and returning it to an installment contract. At some point prior to the instant action, defendants had consulted with an attorney, Richard Luthmann, in relation to their loan. It is unclear what work Mr. Luthmann undertook on behalf of defendants, but he never formally appeared or participated in the instant action. Mr. Luthmann was arrested and ultimately disbarred for conduct unrelated to this action and it appears his arrest pre-dated the filing of the instant summons and complaint.

On April 30, 2018, plaintiff commenced the instant action by the filing of the summons and complaint. Said complaint seeks payment of the entirety of the loan balance. Per the affidavits of service, the pleadings were served personally upon Susan Defoe and on George Grazediski by delivery to Ms. Defoe, a person of suitable age and discretion, on May 11, 2018. The service occurred at the Site, at which the residents reside. Defendants did not interpose an answer or pre-answer motion. However, on July 24, 2018, defendants did attend a court settlement conference in the Foreclosure Conference Part ("FCP") and appear to have been accompanied by a real estate broker. Plaintiff's counsel was also present. As is the practice in FCP, the conference was with a court attorney / referee. At the conference, it was represented that defendants were seeking to sell the Site, through a short-sale. Since defendants did not express an intention to try to keep their home at that time, the matter was released from FCP and given a return date of September 25, 2018, in the Residential Foreclosure Part ("RFP"). Although the general practice of the FCP at that time was to provide defendants with information relating to answering the complaint, it is unclear precisely what documents or information, if any, were provided at the initial conference.

---

[1] The notice is an exhibit in a related action commence by defendants, discussed *infra*.

4

Plaintiff filed a motion seeking a default judgment and order of reference (001) which was ultimately heard on October 24, 2018. The record indicates that defendants seem to have physically appeared for the October 24 court date, but it is unclear the extent to which, if at all, that defendants opposed the granting of the motion. The motion was granted, signed by the court (J. Green) on November 5, 2018, and included the appointment of a referee to prepare a report on the amounts due under the note. The order further directed that plaintiff shall move for an order granting a judgment of foreclosure and sale "or another appropriate remedy returnable on 4/24/19 complying with all notice requirements in the CPLR".

Plaintiff switched to its present counsel and on April 23, 2019, the new counsel sent a letter to the court (J. Green) advising that its office was awaiting an affidavit from the client that was needed to be presented to the assigned referee. Plaintiff then stated that it would subsequently "submit an application for a Judgment of Foreclosure and Sale" and requested a 60-day adjournment. On April 24, 2019, plaintiff and defendants appeared in court. As no motion or application was pending, the court issued a form order which directed, in pertinent part, that:

> ORDERED, that Plaintiff shall make the appropriate motion returnable on 9/18/2019 in RFP complying with all notice requirements contained in the CPLR; and it is further

> ORDERED that the failure to make the appropriate motion returnable on 9/18/19 will result in this case being dismissed for failure to prosecute.

On July 26, 2019, defendants, through their attorneys Staten Island Legal Services ("SILS"), commenced an action against plaintiff seeking to quiet title (*Suzanne Lynn DeFoe et al v Wells Fargo Bank, N.A.*, Index Number 151781/2019, Richmond County) (the "Title Action").

On August 30, 2019, plaintiff filed an application seeking an order to confirm the referee report and for a judgment of foreclosure and sale, including exhibits customarily found with such requests. However, the application was made *ex-parte*, not by motion with notice to defendants. Plaintiff and defendants attended the September 18, 2019 appearance. It is unclear what, if any, discussion occurred relative to plaintiff's *ex-parte* application. On November 12, 2019, SILS filed a notice of appearance as counsel for defendants in the instant action. On November 13, 2019, SILS appeared before the court on behalf of defendants. At said

5

[* 5]

appearance, it was noted that an *ex-parte* application for a judgment of foreclosure and sale had been filed, but also noted that no motion had been. The court (J. Green) issued a short form order dismissing the action due to plaintiff's failure to prosecute. On January 9, 2020, plaintiff filed a motion to reargue, vacate the court's order and to restore the action (002). On March 13, 2022, defendants filed their motion seeking to vacate their defaults and interpose a late answer (003). On May 12, 2022, the parties filed a stipulation discontinuing the QuietTitle Action. By decision and order dated July 15, 2022, the court granted motion 002, restoring the action and denied motion 003, defendants' request to vacate their default and file a late answer.

Thereafter, defendants filed the instant motion seeking to reargue the court's decisions on motions 002 and 003 (motion 004). Plaintiff then filed their present motion seeking to confirm the referee report and grant a judgment of foreclosure and sale (motion 005), which defendants oppose. Defendants also cross-moved seeking to reject the referee report (motion 006) which plaintiff opposes.

## DISCUSSION

"A motion for reargument is addressed to the sound discretion of the court which determined the original motion, and leave to reargue may be granted upon a showing that the court overlooked or misapprehended the facts or the law, or otherwise mistakenly arrived at the original decision" *(see, US Bank N.A. v. Cimino*, 212 A.D.3d 683, 684 [2nd Dept 2023]; *LaSalle Bank N.A. v Lawrence*, 186 AD3d 1507, 1508 [2nd Dept 2020].) The trial court retains jurisdiction to reconsider its intermediate determinations which have been made during the pendency of the action. (*see US Bank N.A. v. Cimino*, 212 A.D.3d at 684). Defendants' motion for reargument applies to two distinct court motions.

Motion 002 – Vacate Dismissal and Restore Action

Papers in a civil action need only be served on a party "who has appeared", except as otherwise provided. The published part rules for the RFP calendar in effect at the relevant time included numerous directives specific to the operation of the calendar. Relative to the service of motions, the part rules merely required that motions and responsive papers be "served on adversaries" "per CPLR Section 2214". CPLR §2214, in turn, largely details the service of

6

[* 6]

papers on the court, providing no service requirement distinct from CPLR §2103, as it relates to non-appearing parties. CPLR §2103, in turn, requires service upon all parties who have "appeared" unless otherwise required by the court.

Defendants note that *ex-parte* applications are generally disfavored statutorily, per common law and by general policy. (*see Essex v. Newman*, 220 AD2d 639, 640 [2nd Dept 1995]; *Fosmire v Nicoleau*, 144 AD2nd 8, 12 [2nd Dept 1989]; *Luckey v Mockridge*, 112 AD 199, 201 [1st Dept 1906].) Even when a party has defaulted, they can still appear, giving rise to a right to be noticed on motions. (*see Home Savings Bank v Chiola*, 203 AD2d 525, 526 [2nd Dept 1994}.) When notice of a motion is required but not provided, it deprives the court of jurisdiction and can excuse a defaulting party. (*see Financial Services Vehicle Trust v. Law Offices of Dustin J. Dente*, 86 AD3d 532, 533 [2nd Dept 2011]; *Bianco v Ligreci*, 298 AD2d 482, 483 [2nd Dept 2002].)

As to these issues, the case law cited is not applicable Motion 002. It is not disputed that, while *ex-parte* applications are disfavored, they are permitted in circumstances in which a party has not appeared or answered. The cases cited which required defaulting parties to receive notices of motions generally involved scenarios in which parties entered appearances by counsel, despite defaulting. Defendants concede that they defaulted and only appeared in an "informal" manner.

More importantly, the common law discussed by defendants relates to the rights of parties to be heard, a shield against a party not being permitted to participate. The facts of Motion 002 are quite different: defendants seek to have plaintiff precluded from participation. The court never entertained the ex parte application, such that policies protecting the non-movants were never implicated. Rather, defendants are effectively arguing that plaintiff's following the letter, but not the spirit, of the law as to the filing of the judgment application should preclude it from having the merits of the claim entertained. There is a strong preference that matters be decided on their merits, and this case is no exception. (*see Melendez v. John P. Picone, Inc.*, 215 A.D.3d 665 [2nd Dept 2023]; *Fried v Jacob Holding, Inc.*, 110 A.D.3d 56, 61 [2nd Dept 2013]; *Catarine v. Beth Israel Med. Ctr.*, 290 A.D.2d 213, 215 [1st Dept 2002].)

[* 7]

Therefore, the prong of Defendants motion seeking to reargue the court's decision to vacate the dismissal of plaintiff's action must be denied.

Motion 003 – Vacate Defendants' Default and Extend Time to Answer

Depending upon the method of service, a defendant must serve and answer or notice of appearance within 20-30 days of service. (*see* CPLR 320). However, this rule is usurped by statutory requirements specific to residential foreclosure actions:

> (l) At the first settlement conference held pursuant to this section, if the defendant has not filed an answer or made a pre-answer motion to dismiss, the court shall:
> 1. advise the defendant of the requirement to answer the complaint;
> 2. explain what is required to answer a complaint in court;
> 3. advise that if an answer is not interposed the ability to contest the foreclosure action and assert defenses may be lost; and
> 4. provide information about available resources for foreclosure prevention assistance.
> At the first conference held pursuant to this section, the court shall also provide the defendant with a copy of the Consumer Bill of Rights provided for in section thirteen hundred three of the real property actions and proceedings law.
>
> (m) A defendant who appears at the settlement conference but who failed to file a timely answer, pursuant to rule 320 of the civil practice law and rules, shall be presumed to have a reasonable excuse for the default and shall be permitted to serve and file an answer, without any substantive defenses deemed to have been waived within thirty days of initial appearance at the settlement conference. The default shall be deemed vacated upon service and filing of an answer.

CPLR 3408

The first settlement conference under CPLR 3408 was held on July 24, 2018 and both defendants appeared. The conference notes indicate that a short-sale offer had been made for 85% of the payoff amount and the case was marked released from the conference part. It is unclear why the case was released and it is equally unclear if the advice and documents mandated in CPLR 3408(l) were provided to defendants. Thereafter, on August 14, 2018,

8

plaintiff filed a notice of motion for a default judgment, motion 001. Defendants appeared at the next court date, October 24, 2018, at which time motion 001 was granted.

Facially, in noticing the motion for a default judgment within 30 days of the initial court conference, plaintiff was in direct violation of CPLR 3408(m) which provided defendants 30 days in which to answer the complaint. Furthermore, the record is unclear if defendants were provided with the advice and documents relating to their rights and obligations to answer the complaint. While the *pro se* status of a defendant is not a per se reasonable excuse for failing to answer, the totality of the facts in this case leads to this conclusion. Defendants physically appeared in court at the initial settlement appearance and for subsequent conferences. Based upon their affidavits, defendants were unclear as to their rights and obligations relating to the action and were accompanied, initially, by a broker, not an attorney. Confusion amongst *pro se* defendants in foreclosure was to be remedied, at least in part, through the provision of documents and advice as to answering the complaint as well as the provision of 30 additional days to answer the complaint. In this case, it is unclear if defendants were afforded the assistance contemplated under 3408(l) and abundantly clear that that defendants were deprived of their extended time to answer under 3408(m). The determination as to whether there as been a reasonable excuse for default lies in the discretion of the court, considering the totality of the facts, including the willfulness of the default and the strong policy of resolving cases based upon the merits. (*see Rosario v Naranjo*, 165 AD3d 860, 861 [2nd Dept 2018]; *Khanal v Sheldon*, 74 AD3d 894, 895 [2nd Dept 2010].) Defendants also present numerous potential defenses to the foreclosure action. The record before the court is not complete enough to determine, as a matter of law, that all the potential defenses are without merit.

Accordingly, it is hereby:

**ORDERED,** that defendants' motion to reargue (motion 004) is denied with regards to vacatur of the dismissal of the complaint (motion 002), but granted with regard to denial of defendants' motion to vacate their default and serve a late answer (motion 003); and it is further

**ORDERED,** that the order of reference and default judgment dated November 5, 2018 and entered on July 1, 2019 (motion 001) is vacated; and it is further

9

[* 9]

**ORDERED**, that Defendants shall serve their answer within 10 days of entry of this order; and it is further

**ORDERED**, that plaintiff's motion for a judgment of foreclosure and sale (motion 005) and defendants' cross-motion to reject the referee's report (motion 006) are denied as premature based upon the decision above.

ENTER,

Dated: December 4, 2023

_____
Hon. Desmond A. Green
**HON. DESMOND GREEN
JSC**

10